CHARLES W. BROWN, Admr.

*v.*

WABASH RAILWAY CO.

*Filed at Springfield September 30, 1880.*

1. JURISDICTION IN CHANCERY—*remedy at law.* Where there is a remedy at law, as a general rule a court of chancery will not take jurisdiction.

2. SAME—*as to unliquidated damages.* A court of equity has no jurisdiction of a suit involving a question of unliquidated damages arising from a tort. It will not entertain a bill filed to recover damages for the death of a person through negligence of a railroad company, although the road at the time of the injury was in the hands of a receiver, and under his entire control, and he has conveyed the road to purchasers subject to all liabilities incurred by the receiver in operating the road.

3. CONVEYANCE—*subject to liabilities and charges.* Where a company take and retain possession of a railroad and other property of a former company under a deed made under a decree of court for a sale of the property, the deed containing a clause "that said estate and interest are hereby charged with and shall pass by virtue of these presents, subject to the payment of all liabilities incurred in respect to the said railroad, or its business, by the said receiver," during the pendency of the legal proceedings in which the receiver was appointed, the grantee company will hold the property conveyed to it, subject to the payment of such liabilities as the receiver had incurred while he had the possession and control of the road.

4. SAME—*of the remedy.* It seems in such a case, if the receiver is liable for a personal injury arising from the negligent management of the road, the

party injured, or his representative, must first sue at law and settle the question of the receiver's liability, and the amount of damages, and then file a bill in equity against the grantee company.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Mr. N. M. BROADWELL, for the plaintiff in error.

Messrs. HAY, GREENE & LITTLER, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court

This was a bill in equity, brought by Charles W. Brown, administrator of the estate of Burns Roberts, deceased, in the circuit court of Sangamon county, against the Wabash Railway Company.

The substance of the charge in the bill upon which the relief prayed for is predicated, is that Roberts, on the 10th day of July, 1875, was killed by an accident which occurred on the Toledo, Wabash and Western Railway, the railroad being then operated by Jacob D. Cox, receiver; that the deceased was at the time an employee of the receiver in the capacity of fireman on an engine, and while engaged in the discharge of his duty, the engine was thrown from the track, in consequence of running upon a certain number of cattle which were then lying on the track of the railroad; that the cattle had wandered on the road by reason of the insufficiency of the railroad fence, which was suffered and permitted to remain out of repair by the negligence of the receiver; that the fence had been out of repair for a long space of time, and that the deceased exercised due care on his part.

This suit, as it will be observed, is by bill in equity, brought by the representative of a deceased person to recover

unliquidated damages for a personal injury, which resulted in death, caused by the negligence of one of the defendants in the bill.

It is an old and well settled rule of equity that, where there is a remedy at law, as a general rule a court of chancery will not take jurisdiction.

If the deceased lost his life through the negligence of the receiver, did complainant have a remedy at law? If he had, then it is plain this action can not be maintained. Where the affairs of a railroad company have passed into the hands of a receiver, who operates the road, and has exclusive control, no reason is perceived why the receiver may not be sued, leave of the court having been obtained, for personal injuries sustained on account of the negligent management of the road, and where a recovery could be had against a railroad company operating a road, it might, upon the same principle, be had against the receiver. High on Receivers, sec. 395, and cases there cited.

But the ground upon which it is contended a bill will lie in this case, as we understand it, is that a lien exists in favor of complainant against the railroad property, and he is seeking to follow property affected with a trust in his favor.

This position is predicated upon the fact that, while Cox was acting as receiver, and on the 10th day of June, 1876, the railroad was sold by decree of court to certain persons, who, on the 12th day of January, 1877, conveyed the railroad, and all property connected therewith, to the Wabash Railway Company, and the Wabash Company took and retained possession of the road and its property under a deed of conveyance which contained the following clause:

"That said estate and interest are hereby charged with, and shall pass by virtue of these presents, subject to the payment of all liabilities incurred in respect to the said railroad, or its business, by the said Jacob D. Cox, as receiver, during the pendency of the legal proceedings above mentioned."

There is no doubt, under this clause of the deed, in regard
to the question that the Wabash Railway Company held the
property conveyed to it subject to the payment of such lia-
bilities as Cox, the receiver, had incurred while he had the
possession and entire control of the road. But, while this
may be conceded, it by no means follows that a court of
equity will assume jurisdiction of a case involving a question
of unliquidated damages arising from a tort. Had the com-
plainant brought an action at law against the receiver, and
recovered a judgment, and thus settled the liability of the
receiver, and also settled the amount of damages he was enti-
tled to recover, and then brought a bill in equity against the
Wabash Railway Company to subject the property it received
from the receiver to the payment of the judgment, a different
question would have been presented. .

But we are aware of no authority which would sanction
the right to resort in the first instance to a court of equity.

A court of chancery is not the forum in which a question
of damages should be settled. If it was, the sacred right of
trial by jury could easily be abrogated and set aside by merely
resorting to such a tribunal.

A court of equity has no jurisdiction to determine a ques-
tion of damages of this character, as is well said by Story,
Vol. 2, sec. 794, in the following plain language:

"It may be stated, as a general proposition, that for
breaches of contract, and other wrongs and injuries cognizable
at law, courts of equity do not entertain jurisdiction to give
redress, by way of compensation or damages, where these
constitute the sole object of the bill. For whenever the mat-
ter of the bill is merely for damages, and there is a perfect
remedy at law, it is far better that they should be ascertained
by a jury than by the conscience of the chancellor. And,
indeed, the first foundation of equitable jurisdiction fails in
all such cases, as there is a plain, complete and adequate
remedy at law."

We are well satisfied that a bill could not be maintained in a case of this character without a clear and palpable disregard of the clear distinction existing between a court of equity and a court of law.

The decision of the Appellate Court will be affirmed.

*Judgment affirmed.*