LAUREN C. WOODRUFF, Appellant, *v.* HUGH J. JEWETT, as
Receiver, etc., et al., Respondents.

In this action against defendant, as receiver of the E. R. Co., an inter-
locutory judgment, so-called, was entered on trial, directing defendant,
in accordance with the demand for judgment in the complaint, to
pay the interest on certain mortgage bonds out of any funds applicable
to the payment he had received, or which were in his hands as such
receiver at the time of the sale of the property of said E. R. Co. under
foreclosure.    For the purpose of determining what amount of such funds
was in his hands a reference was ordered.    Upon appeal this judgment
was reversed by the General Term and a new trial granted.    The order
of General Term was reversed and the interlocutory judgment was
affirmed on appeal to this court.    Before the decision of General Term,
and while said judgment was in full force, an order was granted, on
application of the receiver, without notice to plaintiff, finally discharging
the receiver and ratifying transfers of property made by him, among
others, transfers of the funds in his hands to the purchaser at the foreclos-
ure sale.    After the affirmance of the interlocutory judgment by this court
a referee was appointed pursuant to its provisions, and it was found that
the receiver held at the time specified therein sufficient of the designated
funds to pay the interest; upon the coming in of the referee's report
final judgment was entered directing the receiver to pay the amount of
said interest out of the moneys in his hands, at the time of the foreclosure
or thereafter, applicable thereto.    *Held,* no error; that the interlocutory
judgment absolutely determined the rights of the parties, the amount of
plaintiff's claim and the liability of the receiver to pay it; that the facts
and questions so determined thereby became, by the reinstatement of the
judgment by this court, of the same absolute nature that they were when
the judgment was entered; that its directions were properly followed in
the final judgment, as the rights of plaintiff so established by judgment
could not be taken away or affected by a decision in another action to
which he was not a party, and in which he was not in any way repre-
sented; that the discharge might be regarded as given subject to said
judgment, and, therefore, was no defense to the entry of final judgment
as made.
*In re N. Y. and W. U. T. Co.* v. *Jewett* (*ante,* p. 166); *Herring* v. *N. Y., L. E.*
*& W. R. R. Co.* (105 N. Y. 340) distinguished.
*Woodruff* v. *Jewett* (37 Hun, 205) reversed.

(Argued June 3, 1889; decided October 8, 1889.)

APPEAL from judgment of the General Term of the Supreme
Court in the fifth judicial department, entered upon an order

made the first Tuesday of June, 1885, which modified and affirmed, as modified, a final judgment herein entered upon a decision at Special Term.

This action was brought against defendant, as receiver of the Erie Railway Company, to compel him to pay into the Metropolitan National Bank, of New York, the amount of interest coupons, matured and to mature, on certain mortgage bonds issued by the Erie and Genesee Valley Railroad Company, which road had been leased by plaintiff to the Erie Railway Company, it assuming the payment of said coupons.

The material facts are stated in the opinion.

*Sherman S. Rogers* and *I. N. Bangs* for appellant. When a receiver fails to comply with an order requiring him to pay over moneys in accordance with an order of the court, he may be punished as for a contempt. (High on Receivers, § 288.) The procurement of this order of December 30, 1879, without a full disclosure of the facts necessary to the complete protection of all interests, would be a nullity as to the unprotected interests and would not protect a trustee, nor could it a receiver. (2 Perry on Trusts, 508, § 924.) Notice was necessary. (*Atty.-Gen.* v. *N. A. L. Ins. Co.*, 89 N. Y. 94–102; *Goddard* v. *Stiles*, 90 id. 199.) The receiver, before applying for his discharge, was bound to make a full and itemized account of all his transactions so as to possess the court fully of the claims made by him and all the claims made by others against the estate he represents. (*People* v. *C. C. S. Co.*, 12 Hun, 525.) Although the receiver of a corporation represents both it and its creditors, he has no power to waive the rights of a creditor. (*Van Cott* v. *Van Brunt*, 2 Abb. N. C. 263; *Keiley* v. *Dusenberry*, 10 J. & S. 283; *Neagues* v. *City of Brooklyn*, 10 Abb. N. C. 180–187; *Morris* v. *Hiles*, 57 How. Pr. 322; *People ex rel. Atty.-Gen.* v. *S. L. Ins. and An. Co.*, 79 N. Y. 267; *Diefendorf* v. *Spracker*, 10 id. 246; *People* v. *N. T. Co.*, 82 id. 283; *McParland* v. *Bain*, 26 Hun, 38; *People* v. *Church*, 2 Lans. 459; *Mooney* v. *B. C. L. Ins. Co.*, 9 Abb. Pr., 103–105.)

The proper custodian of the money was the receiver, until the final determination of this action. (*Musgrove* v. *Nash*, 3 Edw. Ch. 172 ; Edwards on Receivers, 135 ; Beach on Receivers, § 252 ; *Beverley* v. *Brooks*, 4 Gratt. 187 ; High on Receivers, § 837 ; *Davis* v. *Duke of Marlborough*, 2 Swan. 119 : Kerr on Receivers, 248 ; *Bainbridge* v. *Blair*, 3 Beav. 421 ; 2 Daniell's Ch. Pr. 1764 ; *Artisan Bk.* v. *Tredwell*, 34 Barb. 553–559 ; *Whitney* v. *N. Y. & At. R. R. Co.*, 66 How. Pr. 436–441 ; *Whiteside* v. *Prendergast*, 2 Barb. Ch. 471 ; *Miller* v. *Loeb*, 64 Barb. 64 ; *Barton* v. *Barbour*, 104 U. S. 126 ; *Wiswall* v. *Simpson*, 14 How. [U. S.] 52–66.) Where a court has jurisdiction it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. (*Elliott* v. *Piersol*, 1 Peters, 328–340 ; *C. C. Bk.* v. *Judson*, 8 N. Y. 254–259 ; *Craig* v. *Town of Andes*, 93 id. 405–410.) The jurisdiction of any court exercising authority over a subject may be inquired into in any court when the proceedings of the former are relied on and brought before the latter by the party claiming the benefit of such proceedings. (*Williamson* v. *Berry*, 8 How. [U. S.] 495–542.) Under section 769 of the Code any motion in the case that could affect the rights of the plaintiff, or the relations of the receiver, to the subject of the controversy, must be made in the judicial district in which Erie county is situated, as it does not adjoin any county but of the district. (*Attrill* v. *R. B. I. Co.*, 25 Hun, 376, 383 ; *People* v. *Soper*, 7 N. Y. 428, 431 ; *M. M. R. R. Co.* v. *Soutter*, 2 Wall. 510–520.)

*E. C. Sprague* for respondent. The orders of the Supreme Court before, and subsequent to, the interlocutory judgment, including the order discharging Mr. Jewett from his trust, are valid subsisting orders, and relieve him from any further responsibility under the interlocutory and final judgments in this action. (Code of Civ. Pro. § 1789 ; *Herring* v. *N. Y., L. E. & W. R. R. Co.*, 63 How. Pr. 497, 513 ; *Booth* v. *Clark*,

17 How. 331; *Beverly* v. *Brooks*, 4 Gratt. [Va.] 208; Kerr on Receivers, 161–168; *In re Colvin*, 3 Md. Ch. 300; *Davis* v. *Gray*, 16 Wall. 218; *Verplanck* v. *Ins. Co.*, 2 Paige, 452, 453; *Winfield* v. *Bacon*, 24 Barb. 161; *G. S. Inst.* v. *Savings Bank*, 65 id. 275; High on Receivers, §§ 142, 174, 175, 177, 178, 286, 836; *Woodruff* v. *Erie R. Co.*, 93 N. Y. 609, 623.) The purpose for which the receiver was appointed was substantially accomplished when final judgment was had in the foreclosure action, and the mortgage property sold thereunder; and the orders directing him to transfer the property to the purchaser, in whom the property had vested, and discharging him from his trust, and from liability thereunder, upon surrendering the property, were properly made, notwithstanding the plaintiff had no special notice of the making of the orders, or of the application therefor. (High on Receivers, §§ 255, 365, 834, 835; *M., etc., R. R. Co.* v. *Soutter*, 2 Wall. 510; *Farmers' L. and T. Co.* v. *C. R. R. Co.*, 2 McCrary, 181; *Winfield* v. *Bacon*, 24 Barb. 161; *Barton* v. *Barbour*, 104 U. S. 126.) The receivership in question does not constitute a special trust for creditors not parties to the action, of a nature which would forbid the court from controlling its action and operation in disposing of the property as justice and equity might require, pending the proceedings, without notice to them. The court itself has the care of the property; the receiver is but its creature. (*Herring* v. *N. Y.; L. E. & W. R. R. Co.*, 63 How. Pr. 497, 514; High on Receivers, §§ 13, 134, 435; *Bostwick* v. *Menck*, 40 N. Y. 383; *Attrill* v. *Imp. Co.* 25 Hun, 509; *Rinn* v. *Astor Ins. Co.*, 59 N. Y. 147; *In re Harmony Ins. Co.*, 45 id. 310; *Howell* v. *Ripley*, 10 Paige, 46; *Matter of Buffalo Bank*, 10 id. 378.) The court having relinquished the custody of the property, and directed the receiver to surrender possession on its behalf, and absolutely discharged him, the plaintiff is without remedy by means of any proceeding against him, either in his official or individual capacity, so long as the orders directing the transfer of the property and discharging him are in force. (*F. L. and T. Co.* v. *I. C. R. R. Co.*,

2 McCrary, 187; *Man* v. *Pentz*, 3 N. Y. 415; *Herring* v. *Railroad Co.*, 63 How. Pr. 497; *Musgrove* v. *Nash*, 3 Edw. Ch. 182; *Barton* v. *Barbour*, 104 U. S. 126; *Davis* v. *Gray*, 16 Wall. 218; *Whiteside* v. *Prendergast*, 2 Barb. Ch. 471; *Clark* v. *Bininger*, 75 N. Y. 344–351; *O'Mahony* v. *Belmont*, 62 id. 133–141; *Parker* v. *Browning*, 8 Paige Ch. 388; *Galster* v. *Savings Bank*, 29 Hun, 594; High on Receivers, §§ 143, 797; *Brower* v. *Brower*, 2 Edw. Ch. 621.) A proceeding in form against the receiver is, in substance, a proceeding *in rem*. against the fund in the possession of the court, and involves in no event a personal liability of the receiver, either directly or indirectly, and hence the judgment below is erroneous. (High on Receivers, §§ 255, 378, 394; *F. L. and T. Co.* v. *R. R. Co.*, 2 McCrary, 181; *Winfield* v. *Bacon*, 24 Barb. 161; *Barton* v. *Barbour*, U. S. Sup. Ct. 1882; The Reporter, vol. 13, 129; *Cardot* v. *Barney*, 63 N. Y. 281, 286; *Camp* v. *Barney*, 4 Hun, 373; High on Receivers, §§ 255, 395; *Rinn* v. *Astor Ins. Co.*, 59 N. Y. 147; *Erie R. Co.* v. *Ramsay*, 45 id. 637; High on Injunctions, § 112.)

PECKHAM, J. This action, which was brought by the plaintiff against the defendant as receiver of the Erie Railway Company, terminated in favor of the plaintiff, after a trial before a court whose decision was filed April 28, 1879. Pursuant to that decision an interlocutory judgment in favor of the plaintiff was entered on the 25th of June, 1879. Subsequently, and on the 28th day of August, 1879, the interlocutory judgment was modified by consent, so that it was determined by it that the defendant, Jewett, as receiver of the Erie Railway Company, under the several orders appointing him such receiver, should pay into the Metropolitan National Bank, of the city of New York, the interest due and unpaid upon the mortgage bonds of the Erie & Genesee Valley Railroad Company, maturing on the 1st day of July, 1875, and thereafter maturing while he operated the Erie & Genesee Valley Railroad, being until the 24th day of April,

1878, with interest on the coupons attached to said bonds during the period aforesaid, from the time they respectively became due until the time of the judgment in this action. That payment, it was also adjudged by this interlocutory judgment, was to be made from any funds which the receiver had received, or which were in his hands as such receiver at the time of the sale of the property of the Erie Railway Company under the foreclosure, applicable to the payment thereof, with the costs of the action. For the simple purpose of ascertaining what amount of funds had come into the hands or under the control of the receiver at the time of this foreclosure sale, or had been in his hands during the continuance of his receivership, applicable to the payment of this interest, as determined by the judgment, it was referred to a referee, to be agreed on by the plaintiff and the receiver or appointed by the court, to take an account of the moneys received and disbursed by the receiver during his receivership, or remaining in his hands at the expiration of his office as such receiver, and to report to the court the testimony taken by him, with his opinion thereon, to the end that a final decree might be then made. This so-called interlocutory judgment determined finally and forever, in case the judgment stood, that the receiver of the Erie Railway Company was liable to the plaintiff for the payment of interest upon the mortgage bonds above mentioned during the time above stated. There was no dispute as to the amount of such interest, and the only question not finally determined by the judgment was the amount of moneys in the hands of the receiver at the time of the foreclosure sale, under the action brought for the purpose of foreclosing mortgages executed by the company. For the simple purpose of determining that question a reference was ordered. As to all other questions, as I have said, the judgment was absolute and final. It thus remained until upon an appeal taken by the receiver, and in October, 1881, the judgment was reversed and a new trial granted. From the order granting that new trial an appeal was taken by the plaintiff to this court, and the order was reversed and the interlocutory judg-

ment affirmed, and the proceeding remitted to the Supreme Court. While this interlocutory judgment stood in full force and effect, adjudging the liability of the receiver to pay the claim of the plaintiff, and substantially adjudging the amount of that claim, the receiver made an application in the suit brought to foreclose the mortgages given by the Erie Railway Company, for a final discharge upon his final accounting as such receiver. That application was made without any notice to the plaintiff, who, as it is seen, was at that time a judgment-creditor of the receiver, with a valid judgment, determining absolutely and finally his rights, as against such receiver, in full force and virtue.

An order discharging the receiver was made on the 30th of December, 1879, and ratified transfers of property already made by the receiver to the purchaser under the foreclosure sale heretofore mentioned. When the original judgment, which had been reversed by the General Term in this case, was affirmed by this court, and the proceedings had been remitted to the Supreme Court, a referee was appointed pursuant to the provisions of that interlocutory judgment for the purpose of ascertaining whether there were any funds in the hands of the receiver at the time of the foreclosure sale, above mentioned, applicable to the payment of plaintiff's judgment. Upon the investigation, which followed the appointment of the referee, it was found that there was a sum sufficient to pay the amount of the judgment in this case in the hands of the receiver at the time just stated. No reasonable question can be made as to the correctness of that finding, and upon the coming in of the report of the referee final judgment was entered in accordance with its terms directing the receiver to pay the amount of the indebtedness to the plaintiff out of the money in his hands at the time of the foreclosure sale, or thereafter, and applicable thereto. From that judgment defendant appealed to the General Term, and that court modified the same by providing that the receiver should pay the amount out of any funds "which are in, or which may hereafter

come into, his hands," as receiver, applicable to that purpose. The receiver having already turned over all the funds in his hands to the purchaser at the foreclosure sale, and having been finally discharged from his trust by an order of the court, such a modification of the judgment amounts to a statement that the receiver is bound to pay nothing, because it is claimed that he has nothing at this time, and that he never can have anything as receiver by which to pay such sum. We think the modification of the judgment was erroneous, and that the final judgment entered upon the report of the referee was proper and in appropriate language. The interlocutory judgment, as I have said, absolutely determined the rights of the parties and the facts in this case, with the single exception of the question which was by it referred for investigation to a referee. That question was as to the amount of funds in the hands of the receiver at a certain time then past, or which he may thereafter have received. Being thus a final judgment as to those matters which it did determine, a review of that judgment by the General Term was had simply upon the record then existing. Upon that record the General Term reversed the judgment and granted a new trial, but upon an appeal to this court, and upon absolutely the same record, this court reversed the order of the General Term, and affirmed the judgment of the Special Term. The effect, then, was that those facts which had been determined by the interlocutory judgment, became, by the reinstatement of the judgment by this court, of the same absolute nature that they were when that judgment was first entered, and before its reversal by the General Term. The directions contained in that judgment were to be carried out to the letter. In obedience to its commands the Special Term, upon receiving the remittitur from this court, proceeded to carry out such directions, and appointed a referee, who found the facts upon the questions which were referred to him, and upon those facts the final judgment, in perfect accord with the directions of the interlocutory judgment, has been entered, and we see no reason at this time for changing or modifying the directions of that final judgment.

The claim that, by reason of the discharge of the receiver between the time when the interlocutory judgment was entered and the time when it was affirmed by this court (although at the time of such discharge the judgment was in full force), we do not regard as an answer to the claim of the plaintiff that the final judgment should follow the interlocutory judgment upon all the questions which had been affirmed by this court. It is said that the discharge of the receiver, even without notice to the plaintiff in this action, was a complete and valid discharge by a court which had complete and full jurisdiction over the subject-matter and over the parties; and that although it may have been unfortunate for the plaintiff that he was not notified at the time that application was made for the final discharge of the receiver in the foreclosure action, yet, still that misfortune cannot change the character of the order as made by the court, and that under such circumstances, where the receiver has thus obtained an absolute discharge and has paid over money in accordance with the directions of the court, he cannot now be compelled to pay the same, or any portion thereof, over to the plaintiff. It is undoubtedly true that in many instances a receiver may be discharged without personal notice to those who might be interested somewhat in the performance of his trust or in the funds in his hands.

We have lately held, in the case of *In re New York and Western Union Telegraph Company* v. *Jewett, as Receiver,*\* that where proceedings against the receiver of a railway company have been commenced to compel him to pay the claim of a creditor out of the assets in his hands, yet if the receiver has been finally discharged and all the property, by direction of the court, taken out of his hands, although this order was made without personal notice to the party who made the claim, still it was a valid order, and while it stood it was a complete answer to the claim itself. In the case cited there never had been any judicial determination in favor of the

\* (*Ante,* p. 166).

claimant or against the receiver, and, of course, no judgment had ever existed in favor of the plaintiff or against the receiver. On the contrary, the claim had been always and constantly repudiated, and at last, upon appeal from an order denying its legality, that order was affirmed by the General Term upon the ground that the order discharging the receiver was a full answer to the application. This court agreed with the General Term.

The petitioner was an unsecured general creditor, even assuming his claim to have been a just one, and was represented by the attorney-general in the People's suit, and had notice, therefore, of the appplication. (*Herring* v. *N. Y., L. E. & W. R. R. Co.*, 105 N. Y. 340, 376, 377, 379.) But here the plaintiff has a judgment and a direction of the court that his claim was to be paid by the receiver. It was not a case of representation at all. The attorney-general did not represent him, nor did anyone else. He was already under the protection of the court, and his rights had been already judicially ascertained and recognized. How, then, can it be that such rights are to be taken away by any judgment or direction in another action to which he was not a party and in which he was not represented in any way? The direction in the foreclosure action to pay over the moneys and the orders discharging the receiver, etc., may well be regarded as given *subject* to the judgment of the court in any other action then existing, where directions had been therein given to the receiver which he was bound to obey. If otherwise, then to attempt to obtain orders in a foreclosure action without notice to one situated as the plaintiff, and in respect to matters where his rights might be unfavorably affected, and where the attention of the court was not called to such failure, would seem very like a fraud upon it, and certainly it would seem as if such orders ought not to constitute a shield to the party thus acting, when called upon to perform the acts directed in the plaintiff's judgment.

Nor does the case of *Herring* v. *N. Y., L. E. & W. R. R. Co.* (*supra*) decide this case. In that case there had

been a dispute as to whether certain property belonging to the Erie Railway Company was included in the mortgages given by it to the Farmers' Loan and Trust Company, and consequently there was a contest as to whether such property went to the receiver appointed in the action brought by that company to foreclose these mortgages, or whether it went to the receiver appointed in the action brought by the People, by their attorney general, to dissolve the corporation on the ground of its insolvency. An investigation was made in one of these two cases and it was determined therein that the property in question was included in the mortgages given to the plaintiff as trustee, and it passed upon the sale on the foreclosure judgment. Various unsecured creditors, of whom the plaintiff was one, in the *Herring Case*, claimed that the Erie Railway Company was owner of the property mentioned, and that it was not included in those mortgages, and that they were not concluded by the decision or judgment in the foreclosure case, adjudging that such property was covered by the mortgages. It was held by this court that the decision in the foreclosure case was binding upon all the unsecured creditors, although they were not named as parties to the foreclosure action or to the action by the People by their attorney general, brought to dissolve the corporation. It was further held that although not nominally parties, they were represented in the litigation by the attorney-general in the People's action, and also by the corporation defendant in the foreclosure action, and that consequently the judgments were binding upon them.

We think the plaintiff is not bound by either of the above-cited actions. He is not an unsecured creditor, and was not at the time when this discharge was given. On the contrary, he was a judgment-creditor, with a valid judgment then in existence, determining the amount of his claim and the liability of the receiver to pay it; and the only question that was undetermined was as to the amount of funds in the hands of the receiver from which such payment might be made. It is true that judgment was subsequently reversed by the General

Term, but it is also true that that reversal was itself reversed by this court, and that the judgment stands to-day as it stood at the time of the discharge of the receiver, valid and absolute.

We think the fact of the discharge of the receiver is no defense to the entry of the final judgment as made in this action, and we think that the modification of the General Term, as made by it, was, therefore, erroneous. We do not absolutely and definitely now determine that the discharge of the receiver does not constitute a defense to the receiver when called upon to perform the terms of the judgment now existing against him. If neither the receiver nor the parties indemnifying him choose to pay or procure the payment of the amount of the judgment to the plaintiff herein, and proceedings to compel the receiver to perform its requirements are taken, he may then have an opportunity of again presenting this question, and possibly he may obtain some benefit thereby. We do not now determine that question. We do say that there is nothing in this court, as yet, which holds that the discharge of the receiver, under the circumstances mentioned, without personal notice to this plaintiff, operates as a discharge of the requirements of the judgment herein as against such receiver.

For the reasons already stated, we think the modification of the judgment, as made by the General Term, should be stricken out and the judgment, as entered at Special Term, should be affirmed, with costs against the defendant.

All concur, except Earl, J., not voting; Andrews, J., concurring in result.

Judgment accordingly.