JESUP *et al. v.* WABASH, ST. L. & P. RY. Co. *et al.*

(*Circuit Court, N. D. Ohio, W. D.* December Term, 1890.)

1. RECEIVERS — SALES — ASSUMPTION OF LIABILITIES BY PURCHASER — ALLOWANCE OF DEMANDS.

Where a railroad which has been in the hands of a receiver appointed by the circuit court is sold, and the purchaser, as part of the consideration, covenants to discharge all existing debts and liabilities of the receivership, it is the duty of such court to protect the purchaser against all demands which are not just and proper demands against the receiver, and to that end to require all such demands to be presented to it for allowance.

2. SAME — ACTION IN STATE COURT — JURISDICTION OF FEDERAL COURT.

Where, on the strength of this covenant, a person brings an action in the state court against the purchaser to recover for a tort to his realty committed by the receiver, such demand being primarily chargeable on the fund in the hands of the federal court arising from the sale, such court will restrain the prosecution of the action, and require plaintiff to present his claim to it, for a judgment thereon in the state court would entitle him to satisfy it out of any property subject to levy in the hands of the purchaser.

3. SAME — WAIVER BY APPEARANCE.

The purchaser's appearance in the state court is no waiver of its right to have the proceedings therein restrained, where the nature of the suit did not at once appear, but it invoked the jurisdiction of the federal court as soon as its right to do so was revealed by the pleadings.

In Equity.

*Osborn & Smith,* for petitioner.

*Hill & Hubbard, John W. Winn,* and *Harris & Cameron,* for defendants.

RICKS, J. In this cause an application was made on behalf of the Wabash Railroad Company on the 25th of October, 1890, asking for an order to be made requiring Reuben T. Potterf to show cause why he should not be restrained from prosecuting an action at law against the petitioner in the common pleas court of Defiance county, Ohio. In that application the petitioner alleged that it was a corporation organized under the laws of Ohio, and became the purchaser of the property of the Wabash, St. Louis & Pacific Railway Company, foreclosed and sold in proceedings in the circuit courts of the United States for the several districts in the states of Illinois, Indiana, and Ohio. The petitioner further represents that in September, 1890, the said Reuben T. Potterf instituted an action against the petitioner, the Wabash Railroad Company, in the common pleas court of Defiance county, Ohio, to recover damages for a tort committed by John McNulty while he was receiver operating the railroad property foreclosed in the above proceedings under the order and direction of this court. It appears from the papers filed in connection with this application that the said Reuben T. Potterf is the owner of certain real estate in the town of Defiance, Ohio, adjacent to the property of the Wabash Railroad Company. In his petition filed in the state court the plaintiff alleges that he improved the real estate described in his petition by building thereon a suitable dwelling-house, barn, cistern, and outhouses, and constructed the same with reference to the grade of a certain highway running on the south-westerly side of said premises, and with reference to the grade as the same had been main-

tained for some 50 years preceding. The plaintiff further alleges that on or about the 1st of January, 1888, while the said John McNulty was the receiver in control of the said railroad property, he tore down a certain bridge crossing the railroad tracks adjacent to the plaintiff's property, and so rebuilt the said bridge as to place it on a grade five feet higher than it had theretofore been, and raised and constructed a bank along said premises, and near to said railroad bridge, four feet high, and made a stairway of ten steps by which people would reach said bridge and highway from the south-westerly line of said premises. The plaintiff alleges that his property, and the improvements thereon, were worth the sum of $2,000, and that the said property was injured to the extent of $1,000 by the changes made by the receiver, and that the same were done without the plaintiff's consent and against his protest, and without any legal permission from the properly constituted authorities of said town. The plaintiff, in his petition in said court of common pleas, bases his right to recover against the defendant, as the reorganized railroad company and purchaser of the property foreclosed, as above stated, upon the ground that the circuit courts of the United States, in foreclosing said property, made a decree or order providing that the said receiver, John McNulty, should turn over to the purchasers of said railroad property all the assets, books, vouchers, accounts, and property in his custody as such receiver, and be discharged from all further liability as such receiver, upon the following conditions, which I quote from the order of the court:

"The court orders the delivery of such receivership assets, papers, and property to the Wabash Railroad Company on the express condition that the last-named corporation agrees to pay, satisfy, and fully discharge all the debts and liabilities of such receivership of every kind now remaining unpaid, and that it may further defend in the name of such receiver all litigated claims or demands against such receivership now pending in this or other courts, and will fully abide by and pay any and all judgments and recoveries, together with costs, which may be rendered in any of such actions or litigations, and always protect and save harmless the said receiver from such claims or any of them."

This order was made by this court after the confirmation of the sale theretofore made, and the conditions therein required to be performed by the purchaser were substantially and in fact a part of the consideration exacted from such purchasers for said railroad property. This court authorized the receiver to deliver to the said purchaser all of the assets and property in his hands, upon the condition that said purchaser would save harmless the said receiver from all claims of every kind that might be preferred against him. It is therefore clearly the duty of this court to see that such purchaser is not required to pay or satisfy any claim or judgment of any kind that would not be a proper and just liability of said receiver. If this court had not discharged said receiver upon the conditions recited in the order, releasing him from further responsibility in connection with this property, it would have retained the assets, books, and vouchers in his hands, and adjusted all the liabilities incurred by him as receiver, by and through the proceedings customary

in such cases. It is clearly the duty of this court to protect the purchaser of this property to the same extent, and in the same manner, that it would have protected the receiver if he had been retained for the purpose of settling all these outstanding claims. When the purchaser bought this property it purchased it upon the conditions named in the decree and order of sale. The purchase price so obtained became a fund in the hands of this court for distribution to the beneficiaries under its decree. The court would certainly protect this fund from being diverted. It would take every precaution to see that no party received any portion of it unless justly entitled thereto. But this agreement to pay such just claims as might be allowed against the receiver, as before stated, is in fact a part of the price paid by said purchaser for the road, and it is the duty of the court to protect it against any unjust claims by the same diligence and care that it would protect the fund if actually in the registry of the court for distribution. The distribution of this fund, and the allowance of claims against the receiver, which is in fact a part of the purchase price, is exclusively within the control of this court. As the court would not allow any other tribunal to distribute any part of the purchase price, so it cannot properly or safely allow any other tribunal to say what are proper claims against the receiver to be paid out of this fund, or by the purchaser as a part of its purchase price for the property. In order to so fully protect the purchaser and fairly retain control of all claims against the receiver which such purchaser should be required to pay, this court must retain jurisdiction of all cases which involve the liability of its receiver. It must retain or acquire such jurisdiction in order that such liability may be adjusted and determined according to the equitable principles controlling this court in such proceedings. The plaintiff in this case had the right, under the act of August, 1888, to sue this receiver in the court of common pleas of Defiance county for the torts committed by him as such receiver. He had the right to bring such action without the leave of this court. Any judgment that he might have obtained in such court would have been subject to the equitable scrutiny of this court before it would have been allowed as a valid claim against the receiver; but the plaintiff's right to sue the receiver was fixed and indisputable. He chose not to avail himself of this right while it existed, but after the discharge of the receiver; and, when the purchaser of the foreclosed railroad property assumed the possession and management of it, he institutes this suit against such purchaser, and seeks to hold it liable for torts committed by the receiver during his management of said property under the orders of this court. While he bases his right to recover upon the express stipulation of the purchaser, made in this court, that it would pay all the liabilities of the receiver upon condition that the assets of the receiver and the control of the property purchased were turned over to it, yet the plaintiff elected to bring this suit against the purchaser instead of the receiver, because of some supposed legal advantage he could derive by reason of a suit against the former instead of the latter. But his right of action no longer exists against the receiver, because the receiver

has been discharged and released from all liability by express order of this court. He ought, therefore, to have no greater right against the purchaser than he has against the receiver. Whatever right or claim he has is against the fund in this court arising from the sale of said mortgaged property.

The promise and agreement of the purchaser constituted an additional consideration, and thereby added to said fund, as we have before stated; but in good faith to said purchaser it is the duty of this court to sift, scrutinize, and finally determine what claims shall be paid, and what claims shall be rejected. In order to do this satisfactorily this court should require all parties who assert any claim against such fund, or who claim any right to recover against said purchaser because of the stipulation and covenant made in this court, to establish such claim in this tribunal by proceedings usual in this class of cases. But if the said Potterf were permitted to prosecute his action in the state court, and recover a judgment thereon, he would have a right to satisfy said judgment out of any property subject to levy in the hands of the purchaser, the Wabash Railway Company; whereas, under the covenants and agreements made in this court between the court and the purchaser, placing upon said covenants the legal construction hereinbefore given, any claim he might have against the receiver was to be satisfied out of the fund arising from the sale of this mortgaged property. While counsel in arguing the case assured the court that they expected, in case they recovered a judgment, to come to this court, and ask to have it allowed and paid by the purchaser on this covenant, to which reference has been made, yet there is no legal barrier which would prevent the plaintiff from satisfying such judgment by levy and sale of subsequently acquired property in the hands of the purchaser. This places him in a more advantageous legal position than he occupied with a claim against the receiver, which could be satisfied only out of the fund or property in the receiver's control.

But it is further contended by counsel that the Wabash Railway Company cannot now ask for this stay of proceedings because it entered its appearance in the state court, and thereby conceded its jurisdiction. The appearance entered by the counsel for the said railway company would not have prevented it from asking the state court to remove said case to this court if the citizenship of the parties and the amount involved had been such as to justify such a request, and I do not think it prevents the said railway company from asking the relief it now demands. The jurisdiction of the court of common pleas, so far as the residence of the parties is concerned, is undisputed. It is because of the subject-matter of said contention that this court acquires jurisdiction. The exact character and nature of the suit were only developed by the motions made by the counsel for the defendant in the state court after the original suit was instituted; and when the pleadings properly revealed the actual basis upon which the plaintiff founded his action the petitioner at once invoked the jurisdiction of this court to restrain said proceedings because of the nature thereof. For these reasons I think the order here-

tofore made restraining said plaintiff from further proceeding against the receiver in the state court was properly allowed, and an order may now be drawn authorizing an injunction to issue perpetually restraining him from further prosecuting said suit. If said Potterf chooses to avail himself of the privilege of filing his claim in this court against the receiver he may do so, and such further proceedings will be directed as the equities of the case demand. A decree may be prepared in accordance with this opinion.