HENRY, RECEIVER, *v.* CLAFFEY.

[No. 23,382. Filed April 30, 1920. Rehearing denied November, 11, 1920.]

1. EVIDENCE.—*Receiver.*—*Discharge.*—*Record.*—*Absence of Evidence to Contradict.*—A verdict for plaintiff in an action against one as a receiver, wherein defendant had pleaded his final discharge pending the action, cannot be sustained when there was no evidence to contradict the record of the discharge, when such discharge, if found favorably to the pleader, would have required a judgment or discontinuance in his favor, and this is true whether such answer was properly in bar or in abatement, it having been filed, replied to, and, together with the issues joined on the complaint, tried as a plea in bar, without question as to its character or challenge as to its sufficiency in the court below. p. 616.

2. TRIAL.—*Verdict for Plaintiff.*—*Effect as to Material Facts Pleaded in Answer.*—A verdict for the plaintiff decides in his

favor, and against the defendant, every material fact averred in the answer. p. 616.

3. RECEIVERS.—*Personal Liability.—Negligence of Employes.*—A receiver can be held liable personally for his own negligence only, and when liable in his official capacity for injuries caused by the negligence of employes operating the receivership property, no judgment can be rendered against him personally, the object in proceeding against him as receiver being to reach property in his hands as such and cause its application to the payment of the demand. p. 617.

4. RECEIVERS.—*Full Administration.—Distribution of Funds.—Final Discharge.—Judgments Thereafter Against Receiver in Official Capacity Invalid.*—After a receiver has fully administered his trust and distributed all trust funds in his hands, under the orders of the court, made final report and been discharged, he no longer occupies the official character of receiver, and no valid judgment can be rendered against him in such capacity, and this is true notwithstanding his discharge occurred after an action asserting liability against him in his official capacity had been begun by leave of the court appointing the receiver. p. 617.

5. RECEIVERS.—*Sale of Property Reserving Liability and Remedy Against Purchaser for Receivership Liabilities.—Discharge of Receiver Pending Action Against Him Alone.—Effect of Judgment Thereafter as Against Purchaser.*—Where the receivership property has been sold and delivered by the receiver under an order of sale, providing a remedy against the property in the hands of the purchaser for the satisfaction of all claims for damages for personal injuries occasioned by the receiver, and retaining jurisdiction in the court to enforce the provisions of the order; and where the plaintiff has not proceeded under such remedy, but has proceeded against the receiver alone, in the ordinary way, a judgment rendered in such action, against the receiver, after his final and unconditional discharge, the purchaser not having been made a party at any stage of the action, could have no binding force against the purchaser, and would not authorize the court to declare a lien on the receivership property in the hands of the purchaser, nor to otherwise enforce payment, although such action was begun before the receiver was discharged. p. 621.

From Marion Circuit Court (23,021); *Louis B. Ewbank,* Judge.

Action by Frederick W. Claffey against Charles L. Henry, receiver of the Indianapolis and Cincinnati

Traction Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Joseph R. Morgan* and *Kittinger & Diven,* for appellant.

*Edward Eikman* and *Wymond J. Beckett,* for appellee.

LAIRY, J.—Appellee recovered a judgment in the sum of $10,000 for personal injuries against appellant as receiver.

Appellant assigns as error in this court the action of the trial court in overruling the demurrer addressed to the first paragraph of amended complaint, and also in overruling appellant's motion for a new trial.

There is no merit in the first assignment of error. As against the objections presented by the first three specifications of the memorandum attached to the demurrer, the complaint is clearly sufficient under many decisions of this court. *Pittsburgh, etc., R. Co. v. Arnott, Admx.* (1920), *ante* 350, 126 N. E. 13, and cases cited. The objections presented by the fourth and fifth specifications of the memorandum are not tenable.

Appellant filed an affirmative answer to the amended complaint and also a general denial. To the affirmative answer appellee filed a reply in general denial. On the issues thus joined the case was submitted to a jury for trial, which resulted in a verdict in favor of appellee. The court after overruling appellant's motion for a new trial rendered judgment on the verdict.

The complaint shows that appellee was injured on September 21, 1910, at which time appellant was operating the Indianapolis and Cincinnati Traction

Company's property as receiver under an order of court. The injury was caused by a collision between one of the cars operated by such receiver and the vehicle in which appellee was riding at a point where a highway crossed the tracks on which the car was operated. The judgment was not rendered in the trial court until April 13, 1917. Appellee instituted his action July 24, 1911.

The affirmative paragraph of answer shows that the property operated by the receiver was sold November 10, 1910, under an order of court previously entered September 29, 1910. A portion of the order of sale so entered is set out in the answer in the words following:

"The purchaser shall, as part of the consideration and purchase price of the property, and in addition to the sum bid, take the same and receive the deed therefor, upon the express consideration that he, or his successors or assigns, shall pay, satisfy and discharge, etc., all sums which may hereafter be allowed by the receiver or by this or any other court of competent jurisdiction, on account of claims now in suit, or which have been presented, or which may be hereafter presented for damages for injuries to persons or property occasioned by said receiver, etc.

"In the event that said purchaser, his successors or assigns, shall refuse, after demand made, to pay any of the before mentioned judgments, demands, claims, taxes, rentals, wages, salaries or other indebtedness, obligations, liabilities, or to perform any such contract, the person holding the claims therefor, may upon ten (10) days' notice to such purchaser or his successors or as-

signs, file his petition in this court to have such claim enforced against the property sold under this decree, in accordance with the usual practice of this court in relation to claims of similar character, and such purchaser, his successors or assigns, shall have the right to appear to make defense to any such petition, and to appeal from any judgment decree, or order made herein, etc.

"Jurisdiction of this cause is retained by the court for the purpose of making further orders and decrees concerning the enforcing of the foregoing provisions of this decree and of the bond, if any, executed to secure the purchase money, and the court reserves the right to retake and resell all of said property in case the purchaser, his successors or assigns shall fail to perform his bid, by payment of the same at the time and in the manner the same shall become due and payable, as hereinbefore prescribed, or shall fail to comply with any order of the court in respect to the payment, in addition to said bid, of any judgment, demand, claim, taxes, rentals, wages, salaries, or other indebtedness, obligation or liabilities incurred by the receiver, or to otherwise perform his obligations under executory contracts as hereinbefore provided, within thirty (30) days after service of a copy of an order of the court requiring such payment or performance. The purchaser shall not be held personally liable for the payment of any such indebtedness, obligations or liabilities, or the performance of any executory contracts of the receiver which payment and performance is required in addition to payment of the bid, the method herein provided

for enforcing the liability of such purchaser for such indebtedness and contracts, to be exclusive of all other remedy. Any indebtedness, or liabilities of, or claims against the receiver, remaining unpaid at the time of the delivery to the purchaser, his successors or assigns of the property sold under this decree, and for the recovery of which suit is not pending at the time of such sale, shall be presented in writing to the receiver for allowance within sixty (60) days after the first publication by the receiver of a notice to the holders of such indebtedness, liabilities and claims. Such notice shall be published at least once a week for a period of three (3) successive weeks, in one newspaper in each of the cities of Indianapolis, Greenfield, Rushville, Connersville, Shelbyville and Greensburg, upon the request of the purchaser at the sale, or his successors or assigns. Any such indebtedness liability or claim not so presented within said period of sixty (60) days shall not be enforced against said receiver or against the property sold under this decree.

"The purchaser, his successors or assigns shall have the right to enter his or their appearance in this or any other court, and he or they, or any of the parties to this suit, shall have the right to contest any claim, demand or allowance existing at the time of the sale and then undetermined, which may arise or be presented thereafter, which would be payable by such purchaser, or his successors or assigns, or which would be chargeable against the property purchased in addition to the amount bid by such purchaser at the sale, and may appeal from any decision relating to any

such claim, demand or allowance, according to the practice of the court.''

The answer further shows that the purchasing corporation acquired all the property of the Indianapolis and Cincinnati Traction Company, under and by virtue of a sale made under such order, relying on the terms and conditions contained in the order of sale; and that it was, at the date on which the answer was filed, the owner thereof, under a deed executed under order of the court and by the court approved.

The answer further shows that no action was pending in favor of appellee, on the cause of action here in suit, at the time of the delivery of the property to the purchaser, and that appellee did not comply with the order of court by presenting his claim to the receiver in writing within the time provided in such order. The answer shows that appellant gave the notice specified in the order by publication as therein provided, and that the first of such publications was made December 8, 1910, but it is further averred that appellee did not give any notice whatever to the receiver that he held any claim of any character against the receiver until June 7, 1911, when he filed his petition in the Marion Superior Court for leave to bring the pending action. It is averred that the receiver, prior to the filing of such petition, had turned over to the purchaser under the order of court all property of every kind belonging to the Indianapolis and Cincinnati Traction Company, and that afterward, and before filing the amended complaint, the receiver filed his final report as such receiver, and was by the court finally discharged from his trust and that he had not since acted as receiver and was not so acting at the time the answer was filed.

It is asserted on appeal that the facts pleaded in this answer might be considered, if properly pleaded, in abatement of the action, but that they are not sufficient to bar plaintiff's right to recovery, and that they are not sufficient to constitute a defense to plaintiff's cause of action when pleaded in bar. The record does not show that any such objection was raised or presented to the trial court for decision. The affirmative answer was filed as an answer in bar in connection with a general denial to the amended complaint. No motion was made to strike it out because it was filed in connection with an answer in bar, nor was its sufficiency as an answer in bar challenged by demurrer or otherwise. Appellee filed a reply of general denial, thus traversing every material fact stated in the answer, and the issues of fact thus formed were submitted to the jury, together with the issues joined on the complaint. The verdict of the jury decides every material fact averred in the answer in favor of appellee and against appellant. The verdict, therefore, finds that the funds in the hands of the receiver had not been distributed under the order of court and the receiver discharged before the date on which the answer was filed. If a contrary finding as to that fact would have defeated the action so far as the liability of the receiver in his official capacity was concerned; or if an opposite finding as to such fact would have required the court to discontinue the action as to the receiver in his official capacity, the verdict of the jury cannot be sustained, unless there is some evidence to sustain it as to the fact thus put in issue and tried. Appellant introduced in evidence the order-book entry of the Marion Superior

Court, room 3, showing that the final report of the receiver was approved and the receiver discharged December 21, 1912, and the fact thus shown was in no way disputed or controverted.

It is well settled that an action for damages for personal injuries resulting from the negligent operation of property in the hands of a receiver cannot

3. be maintained against a receiver in his individual capacity, unless the injury was the result of the personal negligence of the receiver. If the injury results from the alleged negligence of his employes engaged in operating the property under the control of the receiver, he is liable, if at all, in his official capacity, and no judgment can be rendered against him personally. The purpose of such a proceeding against a receiver in his official capacity is to reach the property or fund in his possession as receiver and to subject that to the payment of the demand. *Farmers' L. & T. Co.* v. *Central Railroad, etc.* (1880), 7 Fed. 537; *Davis* v. *Duncan* (1884), 19 Fed. 477.

When all of the trust property has been sold, and all the trust funds in the hands of the receiver have been distributed under the order of the court,

4. nothing remains in the hands of the receiver or under his control out of which any demand against him in his official capacity can be enforced; and after the receiver has fully administered his trust under the order of the court and has filed his final report and has been discharged, he no longer occupies the official character of receiver, and no valid judgment can be rendered against him in such capacity. *New York, etc., Tel. Co.* v. *Jewett* (1889), 115 N. Y. 166, 21 N. E. 1036; *Davis* v. *Duncan, supra; McNulta* v. *Ensch* (1890), 134 Ill. 46, 24 N. E. 631.

Appellee cites the case of *Woodruff* v. *Jewett* (1889), 115 N. Y. 267, 22 N. E. 157, as sustaining the proposition that a judgment may be entered against a receiver in his official capacity after he has been discharged where the action in which the judgment was rendered was commenced before his discharge, and by leave of the court appointing the receiver. In that case a judgment was rendered against the receiver in his official capacity, before his discharge, in which it was determined that the defendant Jewett, as receiver of the Erie Railway Company, under the several orders appointing him as such receiver, should pay into the Metropolitan National Bank of New York the interest due and unpaid on the mortgage bonds of the Erie and Genesee Valley Railroad Company, maturing on July 1, 1876, and thereafter maturing while he operated the Erie and Genesee Valley Railroad Company, being until April 24, 1878, with interest on the coupons attached to said bonds, during the period aforesaid, from the time they respectively became due until the date of the judgment. The order further adjudged that the receiver was to make such payment from funds which he had received, or which were in his hands as such receiver at the time of the sale of the property of the Erie Railroad Company under the order of foreclosure. For the one purpose of determining what amount of money was in the hands of the receiver at the time mentioned in the judgment, and what amount of money was applicable to the payment of the claim as fixed and allowed by the court, a referee was appointed to take an account and to report the testimony taken by him to the court, with his opinion thereon to the end that a final decree might be entered. On appeal by the receiver, the

judgment was reversed by the Supreme Court, and a new trial granted. *Woodruff* v. *Erie R. Co.* (1881), 25 Hun. 246. From the order granting the new trial an appeal was taken to the Court of Appeals of New York, where the order granting the new trial was reversed, and the interlocutory judgment affirmed, and the proceeding remitted to the Supreme Court. *Woodruff* v. *Erie R. Co.* (1883), 93 N. Y. 609.

While the interlocutory judgment stood in full force and effect, adjudging the liability of the receiver to pay the claim of the plaintiff and substantially determining the amount of that claim, the receiver made an application to the court in the foreclosure suit in which he was appointed. and obtained his final discharge, upon his final accounting as receiver. After the proceeding was remitted to that court, and after the discharge of the receiver, a referee was appointed, and his investigation showed that the receiver had funds sufficient to pay the claim in his hands at the time of the foreclosure sale. In conformity with the report, a final order was made directing the receiver to pay the amount of the indebtedness out of any money in his hands at the time of the foreclosure sale or thereafter and applicable thereto. This order was affirmed in the case under discussion, reversing *Woodruff* v. *Jewett* (1885), 37 Hun. 205.

Speaking of the interlocutory judgment, the court in this case (115 N. Y. 267, *supra*) said: "There was no dispute as to the amount of such interest, and the only question not finally determined by the judgment was the amount of moneys in the hands of the receiver at the time of the foreclosure sale, * * *. For the simple purpose of determining that question a reference was ordered. As to all other questions, as I have

said, the judgment was absolute and final.   *   *   *
The effect, then, was that those facts which had been
determined by the interlocutory judgment, became,
by the reinstatement of the judgment by this court,
of the same absolute nature that they were when that
judgment was first entered, and before its reversal
by the general term. The directions contained in that
judgment were to be carried out to the letter." The
decision in the case under consideration proceeds
on the theory that, at the time the receiver was dis-
charged, the plaintiff had a valid judgment and a
direction by the court that his claim was to be paid
by the receiver. It seems to be based on the proposi-
tion that the order discharging the receiver was made
subject to any existing judgment of the court in any
other action where directions had been given to the
receiver which he was bound to obey. On that ground
the question before the court was distinguished from
that decided by the same court in the case of *New
York, etc., Tel. Co.* v. *Jewett, supra,* in which it was
held that, where a receiver had been discharged by a
court, and all property belonging to the trust taken
out of his hands by order of the court, while a pro-
ceeding to enforce a claim in favor of appellant was
pending, and not reduced to judgment, such discharge
of the receiver was a complete answer to the claim
made against the receiver in his official capacity. It is
thus seen that the position of appellee finds no sup-
port in the case on which he principally relies; and,
after investigation, the court is satisfied that such a
position is wholly unsupported by authority. In the
case last cited it is said: "It is possible that the
claims of creditors in such a case as this may be
prejudiced and, perhaps, defeated by the discharge

of the receiver; but such a result will rarely happen to vigilant creditors.''

Under the facts disclosed it is apparent that appellee was not entitled to a verdict against appellant, either in his personal capacity or in his official capacity as receiver. The verdict is contrary to law, and is not sustained by the evidence, and for those reasons appellant's motion for a new trial should have been sustained.

The attention of the court is called to the order of the court in the foreclosure suit under which the property in the hands of the receiver was sold.

5. Under the terms of that order the corporation purchasing the property took the property so acquired subject to the payment of all sums thereafter to be allowed by the receiver or by any court of competent jurisdiction on claims for damages on account of injuries to persons or property resulting from the operation of the property by the receiver. The order provided that such burden should be assumed by such purchaser, in addition to the bid, as a part of the consideration for the property acquired. The order further provided that the purchaser should not be personally liable for any such claims, but that they could be enforced against the property in the hands of such purchaser, and jurisdiction was retained by the court for the purpose of enforcing such claims and for other purposes stated in the order.

Under that order appellant was given a remedy against the property sold in the hands of the purchaser; but apparently he did not seek in this action to enforce such remedy, although he contends in this court that he is entitled to retain the judgment obtained against Henry as receiver, after his discharge,

and enforce it against the property in the hands of the corporation purchaser. The corporation which purchased the property was not made a party to the action at any stage of the proceeding. If the claim had been allowed by the receiver, or if it had been reduced to judgment in an action against the receiver in his official capacity before his discharge, the court in which the receivership was pending would have had power, after notice to the purchaser, to declare a lien on the property in its hands and to enforce payment of the claim. *Brown, Admr., v. Wabash R. Co.* (1880), 96 Ill. 297. In the instant case, however, the claim was not allowed by the receiver, and it was not reduced to judgment prior to the discharge of the receiver.

The court in this case, by its order of sale, retained jurisdiction to enforce against the property sold certain claims arising out of the receivership. Where this is done, the court does not lose jurisdiction by the discharge of the receiver, but it may retain or reassume jurisdiction thereafter for the purpose of enforcing such a claim. *Jesup v. Wabash, etc., R. Co.* (1890), 44 Fed. 663. In discussing the procedure to be adopted in the enforcement of such a claim after the discharge of a receiver, a well-known text-writer on the subject of receivers says: "If the court retains jurisdiction of the original cause after the sale of a railroad and the discharge of its receiver, for the purpose of enforcing payment of claims remaining unpaid against the receiver, a claimant's proceedings thereunder are analogous to an action *in rem*. And it is well settled, that, in order to give a court full and complete jurisdiction *in rem*, some form of notice must be given to parties whose rights

and interests may be affected by the decree; and, where no form of notice is prescribed by law, the court is empowered to direct the notice to be given. Therefore, the purchaser and those in possession of the railroad after the sale—whose interests would be affected by a decree establishing a claim against the property —must have notice of such claim and the presentation of it to the court; and thereafter it is competent for the court, if the claimant is by law entitled to a lien, to establish the same against the property, and to fix a time for the payment of the sum found to be due; and in default of payment at the specified time to prescribe a proper order of sale." Gluck and Becker, Receivers (2d ed.) §93.

It was held by the Appellate Court of Illinois that an action to enforce such a claim might be brought directly against the purchaser of the property in any court having jurisdiction of the parties unless the prosecution of such action is restrained by the court having jurisdiction of the suit in which the receiver was appointed. *Wabash R. Co.* v. *Stewart* (1891), 41 Ill. App. 640. In the case of *Jesup* v. *Wabash, etc., R. Co., supra,* it was held, for reasons stated in the opinion, that the prosecution of such an action in another tribunal should be restrained by the court having jurisdiction of the suit in which the trust was administered. It has been suggested in some cases, rather than decided, that, where a receiver is discharged pending an action brought against him on such a claim, the purchaser who acquired the property subject to the payment of such claim should be brought in to defend either in its own right or in the name of the receiver. *Hanlon* v. *Smith* (1909), 175 Fed. 192; *Texas Pacific R. Co.* v. *Johnson* (1890), 76

Tex. 421, 13 S. W. 463, 18 Am. St. 60; *Brown, Rec.,* v. *Gay* (1890), 76 Tex. 444, 13 S. W. 472.

Whatever the proper procedure may be in the enforcement of such a claim after the discharge of a receiver, it is clear that no proper steps were taken in this action to bind the trust property or to affect the rights of the purchaser at the foreclosure sale. Even though the obligation assumed by the purchasing company to pay the existing claims growing out of the receivership is to be regarded as a potential part of the trust fund to be administered by the court, still it must be conceded that the receiver represents that fund only so long as he acts in that official capacity. After he is finally discharged by the court, he no longer represents the trust fund, and a judgment taken against him after such discharge can have no binding force or effect either as against the trust fund or as against the purchaser at the foreclosure sale.

For error in overruling appellant's motion for a new trial, the judgment is reversed, with instructions to sustain such motion.


On Petition for Rehearing.

Lairy, J.—On petition for rehearing appellee takes the position that an action can be maintained against a person as receiver even after he has made disposition of all property under his control in administering the trust in accordance with the orders of the court and after his final report in the trust has been accepted and approved by the court administering the trust and after an order has been entered by said court by which he is finally and unconditionally discharged as such receiver. To sustain this position three addi-

tional cases are cited: *Ohio Coal Co.* v. *Whitcomb* (1903), 123 Fed. 359, 59 C. C. A. 487; *Denver, etc., R. Co.* v. *Gunning* (1905), 33 Colo. 280, 80 Pac. 727; and *Peterson* v. *Baker* (1908), 78 Kan. 337, 97 Pac. 373.

In the first case it is said: "The fact that the action was not brought until after the receivership had been terminated, and the property turned over to the owners pursuant to the final decree, does not in our view of the law, bar this action. The decree in the receivership suit provided that the purchaser, at the receivership sale, should satisfy and discharge any unpaid indebtedness and liability of the receivers which had been incurred in the management and operation of the mortgaged premises, on or after September 27th, 1893; and jurisdiction to carry out that part of the decree was reserved in the court. To that extent the receivership case is still pending. The purpose of the action under review is to ascertain and liquidate the claim of the Ohio Company, if it have any, against the receivers; upon such liquidation application can be made in the original receivership suit for such proceeding as shall carry the claim to execution. There need be no conflict of tribunals."

This is the only statement in the opinion which bears on the question involved in the instant case, and the statement cannot be regarded as in conflict with the conclusion reached in the original opinion. The opinion in the case cited does not disclose the exact status of the receivership at the time the action was brought against the receiver. It is clear that the property involved in the trust had been sold or otherwise disposed of, and that the same had been turned over to the owners by the receivers prior to the commencement of the action; but it is not stated that the

final report of the receivers had been approved and order made by which they were finally and unconditionally discharged. It is probable that the court used the word "terminated" in the first sentence quoted to convey the meaning that the duties of the receiver with reference to the trust property had been terminated by the sale and delivery of such property to its owners by the receivers, although such receivers had not been finally discharged. If such is the meaning, this court is in full accord with the proposition announced. There can be no doubt that, so long as a receiver represents the court having charge of the administration of the trust, an action could be maintained against him to ascertain and liquidate any claim arising against or growing out of the receivership. The difficulties, if any, which might arise in enforcing a judgment could have no bearing on the right of the claimant to prosecute his claim to final judgment.

In the second case cited, the order discharging the receiver recited: " 'It is further ordered that the discharge of the said receiver shall not operate to prevent the prosecution in the name of the said receiver of any suit instituted by him as such receiver and still undetermined, nor any appeal heretofore taken, or which hereafter may be taken by him as such receiver, nor shall it operate to prevent him from defending, as may be necessary, any suit brought against him as such receiver, and still undetermined, or any suit that may hereafter be brought against him as such receiver.' "

It is clear that the receiver was not unconditionally discharged under this order, and that, so far as his defense of actions was concerned, was still reserved,

acting under authority of the court. It is clear that this case does not sustain the position of appellee.

In the last case cited the order discharging the receiver is not so specific in its reservation of power in the receiver to prosecute and defend actions in behalf of the trust, but the court says with respect to such order: "The order evidently contemplated a continuance of the suit in the name of the receiver."

After an examination of the cases cited and careful consideration of the reasons presented in support of the motion for a rehearing, the court is still satisfied with the result reached. Petition denied.

Ewbank, J., not participating.