Love, District Judge.
This case is now before the court upon a motion by H. L. Morrill, late receiver, and the Central Railroad Company of Iowa, to rescind an order made at the May term, 1880, granting permission to Mahala Clear, as next friend of Edward Sloan, to sue said receiver, Morrill, for personal injuries received by said Edward Sloan during the receivership of said Morrill.
The order granting leave, was made after receiver Morrill had been discharged, and subsequent to the final decree of May 20, 1879, by which the railway property, and all funds in the custody of the court, had been turned over to the new railway company, called the Central Iowa Railway Company. This mo *386 tion raises a very difficult and embarrassing question. It is this: When in a foreclosure suit, a receiver appointed by the court has been discharged, and the property, by the order of the court, turned over to the purchaser, how are unsatisfied claims against the receiver, upon torts committed and contracts made by him, to be prosecuted and satisfied ? Who are to be made defendants to actions upon such claims? How are such cases to be tried? What is the nature of the judgment or decree to be entered, and how is satisfaction to be obtained?
So long as the receiver is in office, and the fund or property is under the control of the court, there is no difficulty, for the court will in all proper cases permit actions to be brought against the receiver, and will order satisfaction to be made out of the fund or property. But it is obvious that such actions are, strictly speaking, rather in the nature of proceedings in rem than in personam.
No receiver could be made individually liable in a personal action upon a contract made in his official capacity, or for torts committed by his subordinates. If receivers could be exposed to such individual responsibility, no prudent man would accept such trusts in cases where vast numbers of subordinates must needs be employed, exposing him to the hazard of ruinous liabilities for their misconduct. In this respect, receivers are like public officers, who are not individually responsible upon their official contracts, nor for torts committed by their subordinates, but only for torts committed by themselves, or contracts in which they assume to bind themselves personally.
It is therefore obvious that suits against receivers are really and substantially suits against the fund or property of which they are the custodians. They represent the property or fund. If judgment be obtained against them, the court orders it to be satisfied out of the fund or property. This view will be made evident by the supposition, that the receiver should be removed or discharged, while the property or fund should remain in the custody of the court. In such case,, it cannot be doubted that the court would entertain an intervening petition in the nature of a proceeding m rem against the fund or property at the suit of any one entitled to a lien upon it, or having a claim in law or equity to satisfaction out of it.
Doubtless, in such case the court would have power to appoint counsel to represent the fund or property in the litigation con *387 cerning it, and would require notice to parties interested in its sale or distribution.
But what would be the remedy of the claimant if the court should discharge the receiver, and place the fund or property beyond its control, by turning it over, without reservation, to a purchaser?
I confess, that if the fund or property should be turned over to a purchaser without reservation, I am at a loss to see what the remedy of the claimant would be—-as, for example, the old railroad company—in this case. How could he found a personal action of tort or contract against a party who would be a stranger to the tort or contract ? How could he count upon or prove the tort or contract against a party who never committed the one nor made the other?
It has been suggested by an eminent judge that the receiver might be treated as the agent of the defendant railway company, and the action thus maintained directly against the company. But it seems to me that this position is untenable. There is not the slightest analogy between the relation of a receiver to the railway company and the relation of an agent to his principal.
An agent acts and contracts for, and in the name of, his principal, and by his authority. He is appointed by his principal, and he is subject to his principal’s control.
The principal can dissolve the relation between them, and annul the agent’s authority at his will and pleasure. Hence the principal is liable and the agent is not liable. Hence the action should be against the principal and not the agent. It is needless to say that, in all these respects, there is a radical difference between the character and legal functions of an agent and a receiver appointed by a court of equity. To make a railway company responsible for the acts and contracts of an officer whom they can neither appoint nor control, direct nor remove, on the ground of agency, would be to violate the fundamental principles of the law of agency.
If no action could be maintained upon the torts or contracts of the receiver against the old railway company a fortiori, none could be supported against the new or purchasing company. Doubtless, if the claimant had a legal or an established equitable lien against the property, he could enforce it by a proper proceeding at law or in equity in any court of competent jurisdic *388 tion; but we are now considering not legal or established equitable liens, but claims of a personal nature, founded upon contract or tort, which are yet to be established by some form of legal proceeding.
I repeat, that if the receiver had been discharged and the property turned over to the new company unconditionally, and without reservation, I am at a loss to see what legal remedy claimants, without established liens, would have. But the court did not in this case so turn over the property. It would have been a most unwise and unjust proceeding to have done so, leaving just claims and liabilities incurred by a receiver of its own appointment, without any provision whatever to enforce them. On the contrary, this court in the final decree of May 20, 1879, retained here the case of the Farmers Loan and Trust Company, against the Central Railroad Company of Iowa, and others, and in express terms reserved its jurisdiction of said cause to enforce the payment of debts and liabilities incurred by its receivers. For this purpose at least that suit has never been dismissed. It is still pending, and any claimant with a demand against the receiver, which he has a right by law to have established as a lien against the railway property, may, by leave of the court, intervene in the foreclosure cause and assert his claim. It is not necessary that the claimant should make new parties to his petition. He intervenes in the old chancery case, which is still pending. He asserts his right to a lien upon the property which the court turned over with a reservation of jurisdiction to hear and determine his cause.
That this view of the decree is correct, will be made manifest by the following provisions of the decree of May 20, 1879:
“And since it is not desirable to further continue said property under the control of the receiver, for the purpose of making net earnings for the payment of said debts, costs, and expenses, etc., it is further ordered and decreed that all said claims, and all claims pending in this court, debts and liabilities, etc., shall be presented to said Central Iowa Railway Company for adjustment and settlement, and said company are ordered to pay the said debts, costs and expenses, etc., and for the purpose of enforcing the payment thereof, if need be, this court will and does retain jurisdiction of said cause, for the purpose of enforcing said pay *389 ment and the lien herein provided for, without other action or independent proceeding.”
The proceedings by which the claimant asserts his rights is analagous, at least, to an action in rem. Now, it is familiar law, that, in order to give a court full and complete jurisdiction in rem, some form of notice must be given to parties whose rights and interests may be affected by the decree; and where no form of notice is prescribed by law, the court is empowered to direct the notice to be given. This notice is sometimes personal, and in some cases by publication, depending upon the situation of the parties. In the present case the new railway company, the Iowa Central Railway Company, is the party whose interest would be affected by a decree establishing a lien upon the property. The petitioner must therefore give that company notice, and since it exists within the jurisdiction of the court, the notice must be personal. All this proceeds, of course, upon the condition that the claim has been presented to the company for payment and adjustment, according to the express terms of the final decree, and rejected.
These preliminaries having been satisfied, it is competent for the court, if the plaintiff is by law entitled to a lien, to establish the same against the property, and to fix a time for the payment of the sum found to be due; and in default of payment at the time prescribed, a proper order of sale will be awarded.
It is obvious that the plaintiff’s claim may be legal or equitable. If it be an equitable demand, the court will hear and determine it without the intervention of a jury. If, on the contrary, it be the subject matter of a common law action, the court will direct that it be tried by jury; and if the claimant shall thus succeed in establishing his demand, he will be compelled to bring his verdict or judgment into the equity suit to have it made a lien against the property. As a matter of course, either party would be entitled to a trial by jury of an action for personal injuries, or for any other common law demand. This right is constitutional, and cannot be denied.
The result is, that this motion must be sustained as to receiver Morrill. He in no sense now represents the property upon which a lien is sought to be established. He has no interest in defending the property, and no fund with which to make a defense good. No personal action, as we have seen, can be main *390 tained against him. But we see no reason to rescind the order, so far as it affects the property in the hands of the new company. That company took the property under the final order of this court cum onere. The court reserved its jurisdiction to enforce liabilities incurred in the management of the property by its receivers, and to enforce them as liens upon the property. The case of the petitioner is a claim for personal injuries; she has a right, if her claim be well founded, to have it established as a lien upon the railway property. Such is the provision of Sec. 1309 of the Code of Iowa.
We can see no good reason to deny this petitioner the right to assert her claim in the only way that seems open to her.
The order made at the last term will be so far modified as to require the service of personal notice upon the Central Iowa Railway Company, and rescinded as to receiver Morrill.
McCrary, Circuit Judge, concurs.