[Argued October 18; decided October 25, 1897.]

## ROCKWELL v. PORTLAND SAVINGS BANK.

(50 Pac. 566.)

RECEIVERS—LIEN OF CREDITOR FOR UNPAID DIVIDENDS.—Where a creditor fails to avail himself of an order of court directing a receiver of an insolvent institution to distribute money in his hands as such receiver, the creditor does not thereby obtain a lien upon the remaining assets for his pro rata share in such fund.

DISCHARGE OF RECEIVER—NOTICE.—A receiver who has been appointed pendente lite, in a suit to wind up the affairs of an insolvent corporation, may be discharged without notice to the creditors generally; and, too, the suit itself may be so dismissed on motion of the complaining party.

LIEN ON INSOLVENT ESTATE—TRUST FUNDS.—In order to impress upon the assets of an insolvent estate a lien for trust funds it must appear either that the identical fund is still among the assets awaiting distribution, or that the property sought to be subjected to the lien includes such funds or their proceeds; thus, where a receiver was appointed for an insolvent bank pendente lite, and funds ordered to be distributed were not called for by certain creditors, and, on dismissal of the suit, were returned to the bank and expended by it in the usual course of its business, and the bank itself afterwards declared other dividends in favor of the same creditors, which were not claimed, and were also expended, all such dividends lost their identity as trust funds and did not pass to a subsequent receiver of the bank as particular funds: *Ferchen* v. *Arndt*, 26 Or. 121, and *Muhlenberg* v. *Northwest Trust Company*, 26 Or. 132, approved and applied.

From Multnomah: LOYAL B. STEARNS, Judge.

Petition by Maurice Liebmann, administrator of the estate of Charles Gutman, deceased, against O. N. Denny, as receiver of the Portland Savings Bank of Portland, appointed in a suit against said bank by Cleveland Rockwell. From a decree for defendant, petitioner appeals.

Affirmed.

For appellant there was a brief over the name of *Cox, Cotton, Teal & Minor,* with an oral argument by *Mr. Joseph N. Teal.*

For respondent there was a brief over the name of *Dolph, Mallory & Simon,* with an oral argument by *Mr. Rufus Mallory.*

Opinion by Mr. Justice Bean.

This is an appeal by Maurice Liebmann, administrator of the estate of Charles Gutman, deceased, from a ruling of the Circuit Court of Multnomah County denying his petition for an order requiring the receiver in the above-entitled suit to pay out of the assets in his hands certain dividends, to which the petitioner claims to be entitled as a creditor of the defendant bank. The facts are that on July 28, 1893, D. P. Thompson was duly appointed receiver, pendente lite, of the property and effects of the defendant bank, in a suit then brought against it by the present plaintiff to close up the affairs of the corporation, alleging that it was unable to pay its debts and that the assets would be wasted by attachments unless the court should sequester them. He immediately thereafter qualified and entered upon and continued in the

discharge of his duties as such receiver until May 1, 1894, when the suit was dismissed without any formal decree, the receiver discharged, and the property in his hands ordered restored to the bank. At the time of the closing of the bank and Mr. Thompson's appointment, there was due Gutman, as a depositor in the savings department, the sum of $8,-129.81, besides interest. On February 15, 1895, he died, and on May 6 of the same year the petitioner was duly appointed administrator of his estate in Oregon. On February 1, 1894, and during the pendency of Mr. Thompson's receivership, the court made an order directing him to pay a dividend of 10 per cent. on all the claims against the bank, but Gutman did not apply for or receive the amount to which he was entitled under this order, and the money from which it was to be paid was, by order of the court, delivered to the officers of the bank, upon the dismissal of the suit, and was subsequently used by them for the benefit of the bank and other persons. After the suit had been dismissed and the property restored to the bank, it proceeded in the management of its business, and, as the petition alleges, declared dividends on the first days of May, August, and November, 1894, of 10 per cent. each on all the claims against the bank; but Gutman never applied for or received any of such dividends, or any part thereof, although the money was on hand at the time with which to pay them. Thereafter, and on the nineteenth of November, 1894, the bank being unable to longer continue in business, the present suit was brought against it to wind up its affairs and distribute its assets among those entitled

31 Or.—28.

thereto, and O. N. Denny appointed receiver of its property and effects, since which time he and his successors in office have had the possession and control of its assets pending the litigation. On August 1, 1895, this petition was filed, asking for an order directing the receiver in the present suit to pay from the assets in his hands the dividend declared by the court and unpaid by the former receiver, and also the amount of the three several dividends declared by the bank while it was doing business in the interval between the dismissal of the first suit and the commencement of the present one.

1.   The prayer of the petition was denied, and, we think, properly. It is contended, on behalf of the petitioner that by the order of distribution of February 1, 1894, the dividend to which his intestate was entitled became a preferred lien upon all the assets of the defendant bank, and, since a portion of such assets are now in possession of the present receiver, the amount of such dividend should be paid therefrom in preference to the claims of general creditors. But we do not think the order of distribution can be given the effect claimed for it. It was nothing more than a direction by the court to its officer to make a pro rata distribution of the money then on hand among the creditors, and did not create a lien on the remaining assets in their favor. The receiver was the agent of the court for the purpose of protecting and preserving the property and effects cf the bank pending the litigation, and when, as such agent, he had, by authority of the court, converted into cash a portion of the assets, it was eminently proper that

it should be distributed among the creditors in proportion to their respective demands, but the order for that purpose could have no other effect than a similar direction to any other custodian of funds under the control of a court. It was necessary and proper, in the orderly conduct of the proceedings then pending, and as a protection to the receiver; and, if it was not obeyed, the remedy of the injured party was by an application to the court which made it, and not by way of a lien upon the remaining assets.

2. It is claimed, however, that the suit was dismissed and the receiver discharged without notice to the petitioner, or any opportunity to be heard in the matter, and for this reason he is now entitled to the order prayed for. But, as we have said, the receiver was but a temporary officer or agent of the court pending litigation, and it was within the power of the court to dismiss the suit and discharge him without any notice to the general creditors: *Telegraph Company* v. *Jewett,* 115 N. Y. 166 (21 N. E. 1036). Whether it acted wisely in doing so is a matter with which we are not concerned at this time. We cannot review that question on this appeal, as the suit in which the present proceedings were instituted is entirely separate and distinct from the one in which the distribution was decreed.

3. It is also claimed that when the dividends were declared by the court in the former suit, and by the bank itself after the termination of such suit, the amount thereof became a trust fund in the hands of the receiver and the bank for the various creditors, which a court of equity will direct to be paid out of

assets now in the hands of the present receiver before the payment of any other creditors. But the vice of this position lies in the fact that none of the funds out of which such dividends were to be paid came into the hands of the present receiver, or form any part of the present assets of the Portland Savings Bank; but, on the contrary, as is averred in the petition, they were, prior to the commencement of this suit, "unlawfully and wrongfully used and diverted from their proper purposes by the officers of said bank, and for the benefit of said bank, and for the benefit of others whose names are unknown to the petitioner." It therefore clearly appears from the petition itself that the money representing the dividends for which a preference is now claimed was used and expended by the bank and its officers in the usual course of its business after the termination of the first suit, and before the commencement of the present one, or the appointment of a receiver therein, and is not, either in its original or changed form, any part of the trust fund now under control of the court. The doctrine referred to, therefore, for this reason alone, if for no other, has no application here.

The question as to when and under what conditions a court of equity will impress upon the assets of an insolvent a lien for trust funds was thoroughly considered in the case of *Ferchen* v. *Arndt*, 26 Or. 121 (29 L. R. A. 664, 46 Am St. Rep. 603, 37 Pac. 161); and *Muhlenberg* v. *Trust Company*, 26 Or. 132 (29 L. R. A. 667, 38 Pac. 932), and it was there held that, before such preference will be given, it must appear either that the identical fund is still among the assets

awaiting distribution, or that the property of the debtor sought to be subjected to a preference includes such funds or their proceeds. As we have already seen, the admitted facts in this case show that no part of the money with which the dividends referred to were to be paid, or the proceeds thereof, entered into or form any part of the trust fund now under the control of the court. It is clear, therefore, that the petitioner is not entitled to the relief demanded, and the decree of the court below is affirmed.

AFFIRMED.