### SHORT v. SCUTT.

(Supreme Court, Appellate Division, Third Department. May 4, 1898.)

SETTLEMENT—EFFECT.

Where a chattel mortgagee, by permission of the mortgagor, takes property not covered by the mortgage, to apply on the indebtedness, and subsequently the agents of both parties effect a settlement of their accounts, and the mortgagor's agent receives a sum of money from the mortgagee's agent, and gives him a receipt for it "in full for all claims, dues, and demands, and for all actions and causes of actions, up to date," the mortgagor cannot afterwards recover the property which he permitted the mortgagee to take.

Appeal from Albany county court.

Action by Frank H. Short against Aaron B. Scutt. From a judgment for plaintiff in the justice court, which was affirmed in the county court, the defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Alberti Baker, for appellant.
Frank H. Short, for respondent.

LANDON, J. This judgment appears to be against the evidence. In July, 1893, the defendant had a chattel mortgage against the plain-

tiff for $75. The defendant asked payment. The plaintiff told him to take whatever of his personal property he could find at Delanson, and defendant took at Delanson the chattels here in question. They are not those mortgaged. Subsequently they had other dealings; and on July 22, 1895, the plaintiff, by his agent, Mattice, settled with the defendant, by his agent,—the latter paying the former $17b,—whereupon the plaintiff's agent gave the defendant's agent a receipt for the money "in full for all claims, dues, and demands, and for all actions and causes of actions, up to date," between the parties. The plaintiff's agent paid him the money, which plaintiff retained. The plaintiff makes an apparent effort to weaken the force of this situation, but, as I think, completely fails.

The judgment of the county court should be reversed, and judgment directed for the defendant, with costs. All concur.