SHORT v. SCUTT.

(Schoharie County Court. February 7, 1899.)

APPEAL—REVERSAL—ENTRY OF JUDGMENT IN LOWER COURT.

Under Code Civ. Proc. § 1345, as amended in 1895, providing that a certified copy of the judgment or order rendered on appeal to the supreme court from an inferior court, together with the appeal papers, must be transmitted to the clerk of the county where the lower court is situated, and shall constitute the judgment roll, the filing of which shall be sufficient authority for any proceeding in the lower court, a judgment may be entered in a county court on an order of reversal of the supreme court.

Action by Frank H. Short against Aaron B. Scutt. On motion to set aside an order in supplementary proceedings appointing a referee. Denied.

Frank H. Short, in pro. per.

Alberti Baker, for defendant.

LAMONT, J. This is a motion to set aside an order in supplementary proceedings appointing a referee to examine the plaintiff, Frank H. Short, granted by me on the 14th day of December, 1898. The plaintiff claims that the judgment against him, upon which the supplementary proceedings are founded, is illegal and void. The facts are as follows: On the 5th day of October, 1897, the plaintiff recovered a judgment against the defendant in justice's court, in Albany county. This judgment was subsequently affirmed on appeal to the Albany county court. The defendant then appealed to the appellate division of the supreme court, where the judgments of the justice's court and the county court were reversed, with costs. 51 N. Y. Supp. 865. An order to this effect was entered by the clerk of that court. A certified copy of this order, with the appeal papers, was transmitted to the clerk of Albany county, and judgment was entered in that county for $175.70, costs, and disbursements, against the plaintiff and in favor of the defendant. A transcript of said judgment was thereafter filed in the clerk's office of Schoharie county, where the judgment debtor resides. An execution upon said judgment in the latter county having been returned unsatisfied, the order in supplementary proceedings for the examination of the judgment debtor was granted by me on the 14th day of December, 1898, as aforesaid. The judgment debtor now contends that, upon the order of reversal in the appellate division, no legal judgment could be entered in the Albany county court, and therefore this order in supplementary proceedings should be set aside.

It seems to me that the judgment creditor has fully complied with the provisions of the Code, and that the judgment in question was properly entered in the Albany county court. I think that section 1345, as amended in 1895, is decisive upon this motion. This section relates to appeals to the supreme court from an inferior court. It provides that a judgment or order of the appellate division, rendered upon an appeal authorized by this title, must be entered in the office of the clerk of the appellate division in the department in which the court below is situated. A certified copy

thereof, annexed to the papers transmitted from the court below, must be transmitted by the clerk, upon payment of his fees, to the clerk of the county where the court from which the appeal was taken is situated, and shall constitute the judgment roll, and remain in his office. The filing of the judgment roll, or the entry of the order, as prescribed in this section, is a sufficient authority for any proceeding in the court below, etc. I am unable to see how a judgment upon this order of reversal could be entered in the appellate division, and much less how it could be enforced in that tribunal. The court from which the appeal was taken is the Albany county court. Pursuant to this section, a certified copy of the order of reversal, together with the appeal papers, was transmitted to the clerk of the Albany county court, and constitutes the judgment roll, and remains in his office. The filing of this judgment roll is a sufficient authority for any proceeding in the court below. If the prevailing party could not enter his judgment there, then it seems to me he would be without remedy.

But I think this section of the Code fully warranted the entry of the judgment in the Albany county court, and I therefore deny this motion, with $10 costs to the judgment creditor. The judgment debtor must appear before the referee, at a time to be fixed in the order, to be made and entered, denying this motion. ·