(27 Misc. Rep. 116.)

### In re GRAND CENTRAL BANK.

### TREACY v. ELLIS et al.

(Supreme Court, Special Term, New York County.    April 11, 1899.)

1. CORPORATIONS—DISSOLUTION—RIGHT OF STOCKHOLDER TO ATTACK.
  Where a stockholder recognizes the dissolution of the corporation in obtaining an order of court to his advantage, he cannot afterwards assert its invalidity.

2. RECEIVERS—RIGHT TO FEES ON FUND DISCOVERED AFTER DISCHARGE.
  A discharged receiver cannot intervene in a proceeding against a fund discovered after his discharge, to secure fees on its distribution.

Motions by Raphael J. Moses, a stockholder, to vacate a judgment dissolving the Grand Central Bank, and by the receiver for leave to intervene as a party in proceedings by Patrick H. Treacy against Anthony Ellis and others against a fund discovered after his discharge. Motions denied.

Raphael J. Moses and Henry B. Heylman, for petitioner.
McCrea, Sumerville & Taylor, for receiver and petitioner.
Oscar F. G. Megie and W. F. S. Hart, for Grand Central Bank.
Benj. T. Kissam, for James P. Brown, judgment debtor.

GIEGERICH, J.    If the dissolution proceedings were void for the reasons pointed out by the petitioner, Moses,—which I am not thor-

oughly satisfied to hold,—still he is in no position to assert the invalidity, since he has obtained an order of this court permitting him to intervene in a proceeding to reach certain lately-discovered assets of the bank, and to prove his claim; the order having been based upon the dissolution proceedings, the record of which was made the foundation of that motion, at the petitioner's instance, according to the recitals of the order. Having recognized the dissolution for the purpose of obtaining an order of the court for his advantage, he cannot now assume a directly inconsistent position, and attack that dissolution. As to the receiver's motion for leave to intervene in the proceedings against the fund which has been discovered, I think that the application is without substantial foundation. The receiver has accepted his final discharge, and yet his claim is that he should have his fees as upon the distribution of this fund. He could not earn these fees now, since he is not receiver, and so he could not receive and pay out the fund (Telegraph Co. v. Jewett, 115 N. Y. 166, 168, 21 N. E. 1036; Woodruff v. Same, 115 N. Y. 267, 275, 22 N. E. 156); and, if some of the parties interested did in fact fail to divulge the existence of these assets, the only result was that the receiver took his discharge without having performed services in relation to the concealed fund, and so earned no further fees. I find no reason for holding that he had an interest which calls for protection, under these circumstances.

Motion to vacate judgment of dissolution denied, with $10 costs. Receiver's motion denied, without costs.