(41 App. Div. 1.)

DOUGHERTY v. KING et al.

(Supreme Court, Appellate Division, Third Department. May 3, 1899.)

RECEIVERS—DISCHARGE—CONTINUANCE OF ACTION—EVIDENCE.

Where, pending appeal by receivers in an action against them, they, without notice to the other parties, were discharged by order of the court appointing them, which made no order regarding the action, and the receivers thereafter prosecuted the appeal to reversal, and on new trial, at close of evidence, first objected that by reason of the discharge the action should proceed no further, proof of the discharge was properly excluded, under Code, § 756, providing that, in case of a devolution of liability, the action might be continued against the original party, unless otherwise directed by the court.

Appeal from trial term, Sullivan county.

Action by Henry Dougherty against John King and John G. Mc-
Cullough, as receivers of the New York, Lake Erie & Western Rail-
road Company. From a judgment for plaintiff, and an order denying a
new trial, defendants appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-
NAM, and MERWIN, JJ.

Henry Bacon, for appellants.
John F. Anderson, for respondent.

MERWIN, J. This action was commenced in October, 1894, to re-
cover damages to woodlands of the plaintiff, caused by a fire alleged
to have originated on the right of way of the New York, Lake Erie
& Western Railroad Company on the 15th May, 1894, by reason of the
negligence of the defendants and their employés. On the 25th day
of July, 1893, the defendants were duly appointed receivers of said
company, and of all of its property, by the United States circuit court
for the Southern district of New York; and it is admitted, by the
answer of the defendants, that since that date they have been man-
aging and operating said railroad as such receivers. At the trial it
was shown that on the 15th May, 1894, a fire originated on the right
of way of the company, from sparks thrown from one of defendant's
engines onto inflammable material, and that this fire spread from
that point, through a continuous line of woodland, to the lands of
the plaintiff, a distance of about two miles, reaching there the next
day.

It was claimed by the plaintiff that the defendants were negligent
in failing to keep the right of way properly cleared from inflammable
material, and that such negligence was the cause of the fire. Whether
or not such negligence existed, and was the cause of the fire, was sub-
mitted for determination to the jury, as was also the question whether
or not the fire which burned the plaintiff's property was the natural
and direct result of such negligence. These questions were solved
by the jury in favor of the plaintiff, a verdict being rendered for
$242 damages. The defendants claim that no negligence of the de-
fendants in caring for the right of way was established, that the
verdict was against the evidence, that the damages were too remote,
that the court erred in its ruling on the subject of the extent of the
right of way at the place where the fire started. All of these ques-
tions were raised by the defendants, and decided by this court ad-
versely to them, in the case of Hoffman v. Same Defendants, 30 App.
Div. 621, 52 N. Y. Supp. 1143. That case was brought to recover
damages from the same fire to lands adjoining those of the plaintiff
herein. We find no good reason in the present case for holding differ-
ent from what we held in the Hoffman Case.

The defendants claim that the court erred in excluding proof that
on the 4th February, 1897, the defendants were discharged as re-
ceivers by an order of the United States circuit court made at that
date. The discharge was made upon petition of the defendants, sub-
sequent to a sale on mortgage foreclosure directed by the circuit
court. This petition, as well as the decree of sale, were offered in

evidence in connection with the order of discharge, and excluded. In the decree of sale it was provided, among other things, that the property should be sold subject to the obligations and liabilities of the receivers, and, in case the purchasers failed upon demand to pay such obligations or liabilities, a method was provided for the enforcement of such claims against the property. In the petition of the defendants for a discharge it was stated, among other things, that a sale under the decree had been made of the property, and a conveyance given to Charles H. Coster and others, by whom the same was conveyed to the Erie Railroad Company, to whom the defendants delivered possession; that all the claims presented to the receivers had been paid, except such as were in litigation, the conduct of which had been assumed by the Erie Railroad Company. The defendants claim the right to make this proof on the ground that, when the court which appointed them terminated their receivership, any actions or legal proceedings pending against them were necessarily terminated.

The action against the receivers was subject to the general equity jurisdiction of the court in which they were appointed, so far as the same shall be necessary to the ends of justice. 25 Stat. (U. S.) c. 866, § 3. No order seems to have been made by that court with reference to this action. It is not claimed that the plaintiff had any notice of the application of the defendants for a discharge. The order of discharge bears date the same as the date of the petition. Nor is it claimed that this action was not properly brought against the defendants. Prior to the discharge there had been a trial, and a recovery by the plaintiff, and judgment entered. An appeal seems to have been then pending. After the discharge, the appeal was prosecuted by the defendants, or in their names, and a reversal was obtained. The case then proceeded to the second trial, now under review, the evidence on the part of the plaintiff was given at length, and also that on the part of the defendants, when, practically at the close of the evidence, the discharge and accompanying papers were offered; it being suggested on the part of the defendants that by reason of the discharge the action should proceed no further. There is no claim that the cause of action of the plaintiff was destroyed. By section 755 of the Code it is provided that an action does not abate by any event, if the cause of action survives or continues. The action here, therefore, did not abate. By section 756 it is provided that, in case of a transfer of interest or devolution of liability, the action may be continued by or against the original party, unless otherwise directed by the court. In Hegewisch v. Silver, 140 N. Y. 414, 420, 35 N. E. 658, it was held that this section was applicable to a case where a receiver of a corporation, appointed by a United States court, brought an action in the state court, and, pending the action, resigned, and a successor was appointed. The substitution of the new receiver was held not to be jurisdictional.

Upon the issues on trial the proffered evidence was not material. There was no supplemental answer. The objection was taken by the plaintiff that the decree and order, being made after the commencement of the action, were incompetent. The purchasers under the decree of sale, and their grantee, the Erie Railroad Company, took the

property on condition of satisfying any liabilities, incurred by the receivers, like the one here in litigation; and it may be inferred, from the statements in the petition for a discharge and the subsequent continuation of the defense, that the case is in fact defended for the benefit of the present owner of the property. Such continuation by the defendants is an admission on their part of the continuation of their official existence, so far as this case is concerned.

The proposed evidence did not affect the merits of the case. Assume that, by the offer of the evidence, the defendants in effect made a motion for a suspension or discontinuance of the action; I fail to see how, as matter of right, they either had a right to have the motion then entertained, or, if entertained, were entitled to the relief sought. Having allowed the action to be defended in their names up to that time, they cannot complain that the trial was completed, and the case restored, in substance, to the condition it was in when the order of discharge was made. The action is for a wrong, and is personal in its nature.

The case of Telegraph Co. v. Jewett, 115 N. Y. 166, 21 N. E. 1036, is not applicable. That was a special application, at special term, for an order for payment of a claim out of assets in hands of the receiver. Pending the application, the receiver was discharged, and the property taken out of his hands. This was held to be sufficient ground for denying the application. In the present case, the question as to how the judgment herein may be enforced is not now before us.

The court did not, I think, err in refusing to receive the evidence. Our attention is called to some other exceptions, but no reversible error is apparent. The evidence warrants a recovery for the amount of the verdict. The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.