JENNIE H. WILLIAMS, Plaintiff, v. DES MOINES LOAN AND TRUST CO., Defendant, and

ISAAC RUSHMAN and ISAAC FORSYTHE, ET AL., Appellees, v. R. W. MARQUIS, Appellant.

**Receivers:** FINAL REPORT: SETTING ASIDE. A receiver is so largely under the direction and control of the district court that an order setting aside a final report and discharge will not be disturbed on appeal, unless there is a clear abuse of discretion.

**Motion book:** NOTATION OF ORDERS. Where a rule of court requires all orders made while in session to be entered on a calendar or motion docket, a receiver should note thereon the filing of his final report, petition for discharge and the order fixing the time of hearing and manner of service.

**Notice of receiver's final report:** JURISDICTION. Where a notice of hearing on a receiver's final report is signed by no one and addressed to no one, and the order fixing the time of hearing of the report and for service of the notice is not entered of record until after the service is made, there is an entire lack of notice, and the court is without jurisdiction to enter an order of discharge based thereon.

**Same.** Although notice of a receiver's final report and fixing the time of hearing thereon is not required by statute, yet where it is required by an order of court, a discharge procured without compliance may be set aside.

**Adjudication.** The overruling of a motion to set aside an order discharging a receiver, because not the proper remedy, is not a bar to a petition for the same purpose.

Parties: SETTING ASIDE RECEIVER'S REPORT. The court may set aside the final report and discharge of a receiver on the petition of any person interested, without requiring other creditors or the original parties to the litigation to be brought in.

*Appeal from Polk District Court.*— HON. JAMES A. HOWE, Judge.

TUESDAY, NOVEMBER 15, 1904.

APPELLANT, Marquis, was appointed receiver of the Des Moines Loan & Trust Company, and in November of the year 1901 filed his final report and was by the court discharged. This was an application to set aside the order of discharge, which was sustained by the trial court, and the receiver, Marquis, appeals.— *Affirmed.*

*W. C. Marquis,* for appellant.

*E. S. Wishard* and *J. K. Macomber,* for appellees.

DEEMER, C. J.— The application to set aside the final order of discharge is bottomed upon (1) fraud in obtaining the same; (2) irregularity in procuring it; (3) failure to give notice of the application for the order, or of the filing of the final report; (4) failure to assign the cause for the hearing, and to give notice by publication as required. It is claimed that the receiver failed to account for a large amount of property in his hands. Marquis was appointed in March, 1896. In June of the year 1897 the assets of the Des Moines Loan & Trust Company were ordered sold, and under permission of the court the receiver was allowed to bid upon the property; and, his bid being the highest, it was accepted, and a sale to him was ordered, and approved by the court. The assets were sold by schedule, and it is claimed that certain thereof were not included in the sale to the said receiver. Having made no report, appellees herein, in the year 1901, filed a motion to require the receiver to

file a final report. This motion was sustained, and on October 19, 1901, he filed his final report. November 9, 1901, the court made an order for the hearing of the report, and directed that notice thereof be given by publication. This order was signed by the judge, and it fixed the time for hearing as November 23, 1901, and directed that notice thereof be given in a newspaper by three publications. It was not entered of record, however, until January 10, 1902. A notice directed to no one, and signed by no one, was published in the newspaper, as directed, on the 12th, 13th, and 14th days of November, and proof of publication was filed November 23, 1901. At the time fixed the court proceeded to hear the final report and application for discharge, and, no one appearing to object thereto, the report was approved, and the receiver discharged. Appellees had no actual notice of the filing of the final report and application for discharge, or of the time fixed for the hearing thereon, and were never informed of the order made by the trial court.

A rule of the district court of Polk county requires that all orders made while court is in session be entered upon a calendar or motion docket prepared for the use of the court and bar. It also appears that it was the universal custom in that county to enter upon what is known as the motion calendar all final reports of receivers, all applications for orders and motions for discharge. In the instant case no notation of any kind was made upon the motion book of the filing of the final report and application for discharge or order for the hearing of said report and for publication of notice, or of the affidavit of publication; nor was the order for publication entered upon the court journal until after the receiver had been discharged. Having no notice of these matters, appellees, in January of the year 1902, filed another motion for an order requiring the receiver to report, and were then informed that he had made a final report, and had been discharged. Thereupon, and within five days, appellees filed a motion to set aside the order of discharge, and this was

followed by a petition for the same purpose filed February 21, 1902. After hearing the evidence, the trial court overruled appellees' motion, but sustained their petition, and the order approving the receiver's final report and discharging him was set aside, and appellees were given thirty days within which to file objections to the final report. The appeal is from this order.

The receiver was an officer of court, and largely under its direction and control; and such an order as the one here involved is so largely a matter of discretion that we should not interfere, unless a clear abuse thereof is shown.

1. FINAL REPORT: setting aside.

The trial court, in making its ruling, announced the practice prevailing in Polk county with reference to noting the filing of motions, orders; etc., upon the motion docket, and we must accept its statements in this regard as a verity. In virtue of this custom the receiver should have noted on the motion docket the filing of his final report and petition for discharge, and the order of the court fixing the time of hearing thereon and directing publication of notice thereof. This was not done.

2. MOTION BOOK: notation of orders.

Moreover, the order itself was not entered of record until after the publication was completed, and the published notice was insufficient because not directed to any one or signed by any one. *Steele v. Murry,* 80 Iowa, 336. The order fixing the time of hearing was not journalized or entered of record until January 10, 1902, more than two months after it was made; and the publication, such as it was, was nearly that length of time before the entry of the order authorizing the same. We have a case, then, not simply of defective notice, but of no notice. Such being the case, the order of final discharge was without jurisdiction, and subject to attack as soon as discovered. That an order is of no validity until entered

3. NOTICE OF RECEIVER'S FINAL REPORT: jurisdiction.

of record, see *Callanan v. Votruba,* 104 Iowa, 672; *Winter v. Coulthard,* 94 Iowa, 312.

But it is argued that, as notice of the filing of a final report or of the time fixed for the hearing thereof is not required by statute, all these matters are immaterial. But not so. Although not required by statute, the trial court undoubtedly had inherent power to require such notice before discharging its officer; and if it found that a discharge was secured without compliance with its order, it had the undoubted right to set aside an order so obtained.

4. SAME.

Some claim is made that an attorney for the appellees was notified of all the proceedings in the case, but this is denied by him, and with the conclusions of the trial court on a conflict of evidence we are not disposed to interfere.

The only matter tried in the district court was whether or not the original order of discharge should be set aside. This was with the consent of the receiver, and to that question we are limited here. But, if it were otherwise, the applicants herein have made such a showing of merit that the trial court was justified in setting aside the original order approving the receiver's final report.

Various technical points are made by appellant, all of which we have examined, but find that none are well taken. It is argued that the petition to set aside the order was filed too late, but there is manifestly nothing in this contention. Further, it is contended that, as appellees' motion to set aside was overruled, this is an adjudication binding upon appellees, and that they could n.,t thereafter proceed by petition to accomplish the same end. The motion was denied because not the appropriate remedy, and the ruling thereon did not constitute an adjudication or a bar to a proper application by petition. The same remedy was sought in each case, so there was no election of remedies. It was not a motion after a motion, but a petition after a motion, the time for the filing of which had not expired.

5. ADJUDICATION.

Lastly, it is argued that, as the original parties to the suit in which the receiver was appointed and the creditors of the defendant company were not all made parties to the petition to set aside, the trial court had no jurisdiction.    There is nothing in this point. Any creditor interested in the loan and trust company had the undoubted right to attack the report of the receiver, was interested in the order of discharge, and might, on his own motion, and without bringing in other creditors or the original parties to the suit, petition the court to set aside its order of discharge.    The receiver was not originally an adversary party.    He represented each and all of the creditors, was an officer of court, and the court might, on application of any one interested, set aside the final report and order of discharge without requiring any other creditors or the original parties to the litigation to be brought in.    In this respect the order attacked differs from an ordinary judgment.

6. PARTIES: setting aside receiver's report.

No reason appears for interfering with the discretion of the trial court in setting aside the order for discharge, and it is in all respects *affirmed*.