FARMERS SAVINGS BANK OF SHELBY, Appellant, v. R. M. POMEROY, Appellee.

R. M. POMEROY, Appellee, v. FARMERS SAVINGS BANK et al., Appellants.

No. 40562.

DECEMBER 9, 1930.

*White & White,* for appellants.

*Bennett Cullison,* for appellee.

STEVENS, J.—Sometime prior to July 31, 1924, certain real estate owned by appellee was sold on special execution to the appellant bank, to satisfy a junior mortgage executed by appellee and held by the bank. The sale left a deficiency judgment of $1,500. On application of the plaintiff (appellant herein) in the foreclosure action, a receiver was, on the above date, appointed by the court to lease the mortgaged premises and to collect the rent. A written lease was entered into with a tenant, and $2,983 later paid to the receiver as rent. This sum was disbursed for

various purposes, sufficient thereof being applied on the deficiency judgment to reduce it somewhat below $500. The receiver filed his final report, and on June 2, 1925, it was approved by the court, without notice of any kind to the defendant in the foreclosure action, and the receiver, on order of court, discharged. Thereafter, and on a date not stated, the defendant mortgagor filed an application in the foreclosure action, alleging the misapplication of the rent collected by the receiver, and that the final report of the receiver was approved and the receiver discharged without notice thereof to the applicant, and praying that the order of approval and discharge be canceled and set aside.

On or about the same date, an independent action was commenced by appellee herein and defendant in the foreclosure action, to restrain the prosecution of an action commenced by appellant in the state of Pennsylvania, aided by attachment, to enforce collection of the balance of the deficiency judgment. The causes were consolidated for trial and tried together. The facts are stipulated, and only questions of law are involved.

It is conceded by appellant that the payment of certain items by the receiver out of the rent, which were approved by the court, was contrary to the holding of this court in *Cedar Rapids Nat. Bank v. Todd,* 199 Iowa 957.

The specific contention of appellant on this appeal is that no notice of the final report was necessary; that the receiver is the officer of, and acts under the orders and directions of, the court; and that, in any event, appellee was guilty of laches.

First, as to the question of notice: We presume that the mortgage foreclosed by appellant contained a provision for the appointment of a receiver. The propriety of such appointment is not, in any event, questioned. It is true that a receiver is the officer of the court, and must act under the direction thereof. A receiver, however, in a foreclosure action occupies a somewhat different position from that of a receiver appointed for other purposes. The right of the plaintiff in a foreclosure action, when such is permissible, to the appointment of a receiver, is a part of the remedy in equity for the satisfaction of his claim. The receiver is not appointed for the benefit of creditors, but as an aid to the mortgagee, in carrying out an appropriate remedy in equity. He does not, therefore, in the ordinary sense, stand in-

different between the parties. His appointment. was not for the purpose of preserving the property covered by the mortgage, but to lease the mortgaged premises and to receive and apply the rent derived therefrom, so far as same was necessary, for the benefit of the mortgagee. 2 Clark on Receivers (2d Ed.), Section 963.

As already appears in this case, the receiver was appointed after judgment and execution sale. Whether notice of the application for the appointment of a receiver was served upon the defendant in the foreclosure action is not shown. It does appear, however, that Shelby Cullison, a lawyer residing at Harlan, appeared as attorney for him. Bennett Cullison, attorney for appellee in this action, began the practice of law at Harlan in June or July, 1924. He entered into partnership with his brother Shelby. Very shortly after the. appointment of the receiver, Shelby Cullison, who was then afflicted with a fatal illness, went to California, where he died. The appearance of Shelby and the partnership between him and his brother are also urged and relied upon by appellant herein as obviating the necessity of the receiver's giving notice of his final report.

There is no statute in this state specifically requiring that notice of final report and application for final discharge of a receiver be given to the adverse party or to creditors. See, however, Section 12073, Code of 1927. We have held, however, in at least two cases, that notice of final report and petition for discharge must be given to all interested parties. *Williams v. Des Moines L. & Tr. Co.*, 126 Iowa 22; *In re Receivership of Magner*, 173 Iowa 299. See, also, *King v. Good*, 205 Iowa 1203; 1 Clark on Receivers (2d Ed.), Section 693.

The judgment debtor in a foreclosure action cannot, in equity, be required to constantly observe the conduct and course of dealing of the receiver or at his peril suffer injury. The court found in this action that $1,504 collected by the receiver was unlawfully distributed to, or for the benefit of, the plaintiff in the foreclosure proceeding. It is true that the final report of the receiver was approved by the court, and the payments made authorized thereby. Appellee was not barred or precluded from asking that the final report of the receiver and the approval thereof by the court be set aside. The authority of a receiver to pay out money in his hands to the plaintiff in foreclosure terminates when the judgment is satisfied. *Price v. Howsen*, 197

Iowa 324. Had the funds been properly applied by the receiver, the deficiency judgment would have been fully wiped out, and a substantial amount left over, to be paid to the debtor. The amount found by the court to have been illegally paid by the receiver to the plaintiff in the foreclosure action is not in dispute, and we shall not specify or discuss the items. Unless appellee was guilty of laches in the assertion of his claim, the approval by the court of the receiver's final report was properly set aside, upon the ground that notice of hearing thereon was not given to the debtor.

Something near four years elapsed after the receiver was appointed, before application was filed in the foreclosure action to set aside the approval of the receiver's final report. It was the duty of appellee to proceed promptly and as expeditiously as possible to have the final report of the receiver canceled. We think, however, that, under the facts appearing in the record, appellant's plea of laches is not available. The absence and death of his attorney, Shelby Cullison, was necessarily more or less calculated to disarm the vigilance of appellee. He was not a lawyer, and, it may be assumed, was more or less unfamiliar with court procedure. The firm of Cullison & Cullison is not shown to have appeared in the action. Furthermore, appellee, on April 8, 1926, less than one year after the final report of the receiver was approved, was stricken with apoplexy, since which time he has been unable to communicate intelligibly, and writes but little. He was, therefore, during much of the intervening period, unable to transact business for himself. The record, however, shows that his daughter acted for him in many matters, including the prosecution of an action against the appellant bank. All of the rent paid by the receiver to appellant herein was either to satisfy advancements already made or as interest upon the first mortgage on the land. Appellant suffered no prejudice on account of the delay. The finding, order, and judgment of the court does complete equity, and complies with the law. The delay was without prejudice to anyone, unless to the receiver and his bondsman. They are fully protected by the bank. The liability of these parties is, however, no greater than it would have been if this proceeding had been instituted within such a period as to exclude any suggestion of laches. The situation is not changed.

The conclusion reached at this point makes discussion of all other matters involved unnecessary.—*Affirmed.*

MORLING, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.