ROSE REINHARDT, Respondent, v. PHILIP LEHMAN, as Receiver of 436 JERSEY CORPORATION, PHILIP LEHMAN, Individually, Appellant, and 436 JERSEY CORPORATION, Defendant.— In an action against a receiver, both officially and individually, for negligence, the complaint first stated a cause of action for passive negligence only. After the decision by the Court of Appeals in *Woman's Hospital v. Loubern Realty Corp.* (266 N. Y. 123) the complaint was amended to allege that the receiver directed the janitor of the apartment house to make repairs to a ceiling in the hall that was cracked, thus attempting to change the theory of the action from passive to active negligence. The plaintiff, a tenant of the building, was injured by the fall of plaster over the stairs. There was testimony by members of her family and some slight testimony by another tenant that the attention of the receiver was called to the cracks in the plaster before the accident and that he directed the janitor to make repairs, although he knew that the janitor was not a skilled and competent workman. It was denied by the receiver and by the janitor that any such directions were given or that such repairs were actually made. The plaintiff had a verdict on the trial against the receiver and also against him individually. Judgment against the receiver individually reversed on the law, without costs, and the complaint as to him dismissed, without costs. There was no foundation for the verdict in that respect. Judgment against the receiver reversed on the law and the facts and a new trial granted, with costs to abide the event. There was no proof concerning the order appointing the receiver; and whether he was a receiver in a foreclosure action is a matter of surmise. It was necessary that the plaintiff make proof as to the authority of the receiver to make repairs. (Rules Civ. Prac. rule 175.) The verdict was against the weight of credible evidence on the question as to whether the receiver authorized the janitor to make repairs

and whether such repairs were in fact made. Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ., concur.