**Patricia Ann Kenney MILLER, Executor of the Estate of Bernard E. Kenney, Deceased, Appellant,**

**v.**

**Charles B. EVEREST, Individually and as Receiver in Council Bluffs Savings Bank**

**v.**

**McCART, et al., Equity No. 39890, District Court of Iowa for Pottawattamie County, et al., Appellees.**

**No. 260.**

Supreme Court of Iowa.

Nov. 14, 1973.

Patricia Ann Kenney Miller, Executor of the Estate of Bernard E. Kenney, claims the facts to be these. Robert W. Randall owned a business building and the adjoining parking area in Council Bluffs, Iowa. Council Bluffs Savings Bank, which held a mortgage on the property, commenced suit to foreclose the mortgage, obtained a decree of foreclosure, bid in the property on execution, and obtained a sheriff's certificate of sale. The foreclosure court appointed Charles B. Everest as receiver of the property in connection with the foreclosure proceeding.

The receiver leased office space in the business building to Bernard E. Kenney, with the right to use the parking area. The term of the lease ran to February 28, 1971. In the lease, the receiver promised to carry public liability insurance.

During the pendency of the receivership and the term of the lease, the receiver negligently failed to have ice and snow removed from the parking lot, and on January 6, 1969, Bernard E. Kenney fell on the slippery surface and died from his injuries. Patricia Ann Kenney (now Miller) was appointed executor of his estate.

On September 18, 1969, on the receiver's application and without notice to the executor, the foreclosure court terminated the receivership and discharged the receiver.

On May 6, 1970, by letter, the executor's attorney informed Charles B. Everest as receiver that Kenney fell as a result of the icy condition of the parking lot and asked for the name of the insurer of the premises. On May 27, 1970, Everest as receiver responded that he had forwarded the attorney's letter to The Hartford Insurance Group.

On December 29, 1970, the executor commenced the present negligence action against Everest, as receiver and individually, and against other defendants not involved in this appeal.

Everest as receiver answered the petition, averring that he was discharged on

Porter, Heithoff, Pratt & Reilly, Council Bluffs, for appellant.

Johnson, Stuart, Tinley, Peters & Thorn and G. William Smits, Council Bluffs, for appellees.

Heard before MOORE, C. J., and MASON, RAWLINGS, UHLENHOPP, and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal involves the effect of termination of a receivership upon a tort claim.

September 18, 1969. He then moved for summary judgment on the ground that he cannot be sued as receiver after he has ceased to be such. The executor responded that she received no notice of the receiver's application for discharge. The trial court, Johnson, J., sustained this motion and gave judgment of dismissal as to the receiver.

Everest as an individual moved to dismiss the petition on the ground that any negligence would have been committed by him in his capacity as receiver and therefore he is not personally liable. The trial court, Cullison, J., sustained the motion.

The executor appealed and claims before us that the trial courts erred in holding that the receiver cannot be held in his official capacity or personally.

I. *Receiver's Official Liability.* The question of the receiver's official liability arises under the motion for summary judgment. We will assume, for the purposes of the motion, that a tort was committed for which the receiver was liable as such while the receivership was pending. But the foreclosure court terminated the receivership and discharged the receiver before the executor sued for the tort.

■ Under such circumstances, the general rule is that the receiver as such cannot be held. Best & Russell Cigar Co. v. William Reese Co., 210 S.W. 317, 318 (Tex.Civ.App.) ("when the property delivered to them as receivers has passed from their hands under orders of the court that appointed them, and they have been by that court discharged from their trust, then no judgment can be rendered against them. With the termination of their official existence, their official liability is ended"); 66 Am.Jur.2d Receivers § 366 at 183–184 ("The effect of a discharge of a receiver is to relieve him from all his official liabilities as such. He is not thereafter a proper party to an action, and no judgment can be rendered against him thereon."), § 487 at 289; 75 C.J.S. Receivers § 96 at 741.

The general rule assumes, however, that the receivership was validly ended and that the receiver was validly discharged. Williams v. Des Moines Loan & Trust Co., 126 Iowa 22, 101 N.W. 277. The question, therefore, is whether a receiver must give notice of an impending proceeding for termination and discharge.

■ On this point, the rule is that notice must be given to "interested parties." Farmers' Sav. Bank v. Pomeroy, 211 Iowa 337, 233 N.W. 488; Young v. Miller, 228 Iowa 741, 292 N.W. 845. We are aware of decisions holding that unsecured claimants who have not commenced their actions or at least filed their claims are not considered to be within that category. New York, Western Union Tel. Co. v. Jewett, 115 N.Y. 166, 21 N.E. 1036; Rockwell v. Portland Sav. Bank., 31 Or. 431, 50 P. 566. But we think such a limited view of "interested parties" may work injustice and cannot withstand close scrutiny.

■ The present case affords a good example. Here a tort was committed (we are assuming) during the course of the receivership. Before the personal representative of the deceased person started her action against the receiver, the receiver, without notice to the personal representative, obtained his own discharge—and thereby, we are told, terminated his liability.

We cannot believe such a rule would be good law. Meritorious claims ought not come to an end before the statute of limitations has barred them by a receiver's simply securing his own discharge without notice to the claimants.

Moreover, some language in the books indicates that notice is required. Texas & P. Ry. v. Manton, 164 U.S. 636, 639, 17 S. Ct. 216, 218, 41 L.Ed. 580, 582 (converse situation—"upon notice appropriate to proceedings *in rem*, such a claimant would, in the absence of special and unusual circumstances, have been bound"); Texas & P. Ry. v. Johnson, 151 U.S. 81, 103, 14 S.Ct.

250, 256–257, 38 L.Ed. 81, 89 (similar language); In re Magner, 173 Iowa 299, 155 N.W. 317 (somewhat different on facts but involving same contention of unfairness when no notice); cf. 3 Clarke, Law of Receivers, § 652(a) at 1143 (3d ed.) (principle as to general receiverships: "A general receivership of all the property of an insolvent individual or corporation may be a proceeding in person, nevertheless it is substantially a proceeding in rem and most persons vitally affected are not parties to the equity suit in personam. It, therefore, follows that the court by advertisement and by proper notices by mail, by publication and otherwise should take every precaution to notify everyone interested in *and substantially affected by* the receivership."—italics added).

A proper procedure, as we view it, is demonstrated by the proceedings in Henry v. Claffey, 189 Ind. 609, 127 N.E. 193, on reh. 128 N.E. 694. Prior to final hearing, the receivership court ordered the receiver to publish notice that all claims must be filed by a certain reasonable time or be barred.

We do not now address the question whether published notice alone would be sufficient as to unfiled claims of which a receiver is actually aware. Cf. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865. Neither do we rest our present conclusion on the receiver's covenant in the lease to obtain liability insurance. A claimant is unfairly treated if he is cut off by termination of the receivership without notice whether or not the receiver agreed to carry insurance.

As to notice requirements for termination of similar proceedings, see 31 Am. Jur.2d Executors & Administrators § 514 at 231; 34 C.J.S. Executors & Administrators § 846 at 978–979, § 905a at 1108, § 914a at 1119; 39 Am.Jur.2d Guardian & Ward § 164 at 127, § 173 at 133; 54 Am. Jur. Trusts § 510 at 405.

We hold that the discharge of the receiver and the termination of the receivership were void as to the executor for want of notice. The order being void as to the executor, the receiver remained undischarged and the receivership remained open as to her. Hence the executor was not required to ask that the receivership be reopened.

 The executor did not obtain authority from the foreclosure court to sue the receiver, as the general rule requires. But the rule does not apply "to actions which do not affect the custody and control of receivership property" such as the present one. McAfee v. Bankers Trust Co., 253 Mich. 685, 687, 235 N.W. 807, 808; 75 C.J.S. Receivers § 333a at 1005; 66 Am.Jur.2d Receivers § 465 at 269. See also Manker v. Phoenix Loan Ass'n, 124 Iowa 341, 100 N.W. 38; In re Hacker, 217 F.Supp. 393 (S.Dist.Cal.). We hold that the receiver as such is amenable to this plenary action.

 II. *Receiver's Personal Liability*. As to the personal liability of a receiver, a distinction exists between mismanagement or misappropriation of receivership assets, on the one hand, and torts by the receiver against third persons, on the other. In the first class of cases, a receiver is personally liable to the individuals beneficially interested as, for example, for allowing the property to waste. Vander Vorste v. Northwestern Nat. Bank, 81 S.D. 566, 138 N.W.2d 411; Annot. 20 A.L.R.3d 967. In the second class of cases, however, a receiver is liable only as such and not individually, unless he personally commits the tort. The rule is, "Actions against the receiver are in law actions against the receivership, or the funds in the hands of the receiver, and his contracts, misfeasances, negligences and liabilities are official and not personal. . . ." McNulta v. Lochridge, 141 U.S. 327, 332, 12 S.Ct. 11, 13, 35 L.Ed. 796, 800. See Hanlon v. Smith, 175 F. 192, 197 (Cir.Ct.N.D.Iowa) ("liability of receivers for acts done by them

in the management of property placed in their custody by order of a court is official, and not personal, unless it may be in cases of their individual or personal misconduct"); Farmers' Loan & Trust Co. v. Central R.R., 7 F. 537 (Cir.Ct.Dist. Iowa); 2 Clarke, Law of Receivers, § 392(a) at 654 (3d ed.); 66 Am.Jur.2d Receivers § 368 at 185; 75 C.J.S. Receivers § 190 at 838 ("Ordinarily a receiver is not liable in his individual capacity for torts committed in the performance of his receivership duties. . . . However, under some circumstances a receiver may be liable for torts of which he is personally guilty"). See also Sloan v. Central I. Ry., 62 Iowa 728, 16 N.W. 331; Annots. 7 A. L.R. 408, 10 A.L.R. 1055, 123 A.L.R. 458, 463.

■ The gist of the negligence which the executor charges here is that the receiver negligently failed to have snow and ice removed. Such negligence would be for the receiver's failure to perform acts which he had a duty to perform as receiver. For failure to perform those acts, he would be liable as receiver. The court stated in the similar case of Chiesur v. Superior Court in and for Los Angeles County, 76 Cal.App.2d 198, 200, 172 P.2d 763, 764–765:

> He was in possession not as an individual but in his capacity as receiver, and whatever duties he owed to the tenants by reason of his relation to the property, he owed in that capacity. If he had made the repairs which it is alleged he should have made, he would have done so as receiver, and any negligent omission to make repairs would not have been a breach of any duty he owed the tenants as an individual, since he had no such duty.

And as the court stated in Sabiston's Adm'r v. Otis Elevator Co., 251 Ky. 222, 232, 64 S.W.2d 588, 592:

> Where property is committed to the charge of a receiver . . . and he personally commits a tort and thereby in-

jures a third party, he is individually liable . . . ; but if he omits to perform or performs an official act within the scope of his authority and in line of his duties as receiver, and thereby injures another, any judgment recovered therefor must be against him officially. . . .

See also Brockert v. Central I. Ry., 82 Iowa 369, 47 N.W. 1026 (receiver liable as such for failure to fence railroad right of way); Fullerton v. Fordyce, 121 Mo. 1, 25 S.W. 587 (receiver liable as such for failure to repair platform); Reinhardt v. Lehman, 248 App.Div. 764, 288 N.Y.S. 770; Erwin v. Davenport, 9 Heisk. 44 (Tenn.). Cf. Iseminger v. Black Hawk County, 175 N.W.2d 374 (Iowa); Moore v. Murphy, 254 Iowa 969, 119 N.W.2d 759. We hold that the receiver is not personally liable.

The motion for summary judgment should have been overruled, but the motion to dismiss was properly sustained.

Affirmed in part, reversed in part.